## CITIZENS' LIGHT, POWER & TELEPHONE CO. v. USNIK.

[No. 2342.   Jan. 7, 1921.]

### SYLLABUS BY THE COURT.

1.   A defendant in default for failure to file an answer within the time limited by the statute is not entitled to notice of an application for default judgment.          P. 497

2.   The filing of a petition for removal of a cause from the state to the federal court and the bond is not an appearance in the state court, and does not extend the time to appear and plead therein.          P. 498

3. Where a case has been improperly removed from a state court to a federal district court, and is remanded by the federal court to the state court, the federal court never acquired jurisdiction of such case, and an answer or other pleading filed in the federal court did not have the effect of a pleading in a state court, and did not serve to extend the time of the defendant to answer the complaint.          P. 498

4. Where in such a case the cause is remanded to the state court, and the answer or other pleading filed in the federal court is not certified to the state district court, or refiled therein in 13 days after the remand and almost 4 months after the service of summons in the cause, a default is properly entered against the defendant for failure to plead or answer.          P. 498

5. In such a case the court did not abuse its discretion in refusing to set aside the default judgment upon a showing that an answer had been filed in the federal court, and no other valid excuse being offered.          P. 499

Appeal from District Court, McKinley County; Raynolds, Judge.

Suit by the Citizens' Light, Power & Telephone Company against Anton Usnik. From denial of a motion to set aside a default judgment for plaintiff, defendant appeals. Affirmed.

BERT D. RICHARDS, of Gallup, for appellant.

HERBERT C. DENNY, of Gallup, for appellee.

### OPINION OF THE COURT.

ROBERTS, C. J.  On the 29th day of December, 1917, appellee filed in the district court of McKinley county its complaint against the appellant in which it sought reformation of the description of a deed executed and delivered to the appellant theretofore by the appellee. Summons was duly served on appellant in the early part of January thereafter.  January 25, 1918, appellant appeared in the district court and filed a petition and bond for removal of the said cause to the federal District Court for the state of New Mexico. No demurer, answer, or other pleading was filed to the complaint. An order of removal was entered, and thereafter, on the 4th day of April, 1918, the federal District Court entered its order remanding the cause to the district court of McKinley county, on the ground that the federal court

had no jurisdiction of the cause, and the same had been improperly removed. On the 5th day of April the order of remand was filed in the office of the clerk of the district court of McKinley county. Thereafter, on the 16th day of April, 1918, no pleading having been filed by appellant in the case in the state court, a certificate of default was entered by the clerk, and on the next day the state district court entered a judgment against the appellant on the merits. On the next day appellant filed with the clerk of said court an answer and cross-complaint. On the 14th day of May thereafter appellant filed a motion to set aside the judgment by default, and as ground for the motion alleged that appellant's answer and cross-complaint were on file in the United States District Court, and that, said answer and cross-complaint having been so filed in that court while the case was pending there, appellant was not in default; secondly, that if the filing of the same in the federal court did not have the effect of a filing in the state court, appellant had full 20 days' time within which to answer in the state court after the remand. On the 15th day of May, 1918, appellant took the answer and cross-complaint which he had theretofore filed in the federal court and filed the same in the state court, and on the 7th day of June he filed another motion to set aside the judgment on the ground that the judgment had been irregularly entered because of the same reasons set forth in the first motion mentioned, and on the further ground that appellant had been given no notice of the application for judgment. The court denied the motion to set aside the judgment, from which order this appeal is prosecuted.

[1] The first question which arises is as to whether appellant was entitled to notice of the application for the default judgment. The statute requires no such notice, and therefore it is not essential. By being in default a party is not entitled to participate in the future proceedings of the cause. So long as the default order is in full force and effect, the right to participate is cut off, and a party's remedy is by first securing the

vacation of the default order.   Nuestel v. Spokane International R. Co., 27 Idaho, 367, 149 Pac. 462.

[2-4] Was the default properly entered?  The filing of the petition for removal to the federal court and the bond was not an appearance in the state court and did not extend the time to appear and plead therein.  State v. American Surety Co., 26 Idaho 652, 145 Pac. 1097, Ann. Cas. 1916E, 209.  The usual practice in such cases is for the defendant to demur or answer at the time of filing the petition for removal, without prejudice to such petition, and no right is waived by so doing.  State v. American Surety Co., supra.  Appellant did not elect to do this, but secured the removal, and in the federal court filed his answer or demurrer.  This court subsequently determined that it had no jurisdiction of the case and remanded it to the state court.  The federal court never having had jurisdiction, any action or proceeding taken in such court was null and void and of no force and effect.  Consequently the filing of an answer in such court did not have the effect of a pleading in the state court and did not serve to extend the time of the defendant to answer the complaint.  The default was entered in the state court 13 days after the remand and more than 3 months after the summons was served on defendant, and no answer or other pleading had been filed in the state court.  Clearly the appellee was entitled to the default.  In the case of Morbeck v. Bradford-Kennedy Co., 19 Idaho 83, 113 Pac. 189 an identical question was presented with the possible distinction that no pleading had been filed in the federal court.  The court said:

"It seems to us proper and entirely just to both litigants to hold that, when a defendant petitions for the removal of a cause from a state to a federal court, he becomes the actor in that particular, and that he must assume the risk and consequences that follow if he is unsuccessful and in the meanwhile he has failed to protect and preserve his right under the state statute and rules of practice prevailing in the state court.  *  *  *

"The fact that appellants exhausted a part of their time in a vain endeavor to get out of the state court into the federal

court is neither the fault of the law, the courts, nor the adverse party. If they saw fit to exhaust a part of their 'day in court' in an effort to get into another forum and failed, the consequence should justly and properly fall upon them and upon no one else. It should not serve as a means of extending the time allowed them by statute or of delaying the adverse party in getting his case to trial after the question of jurisdiction has been determined."

See, also, the case of State v. American Surety Co., 26 Idaho 652, 145 Pac. 1097, Ann. Cas. 1916E, 209.

The federal court never having had jurisdiction of the case, of course anything done in that court would have no effect whatever on the proceedings in the state court. In the case of Yankaus v. Feltenstein, 244 U. S. 127, 37 Sup. Ct. 567, 61 L. Ed. 1036, a suit was brought in the state court of the city of New York, and the defendant filed a motion for removal of the cause to the federal court. The state court denied the application, and the defendant proceeded with the removal and filed the transcript in the federal court. In the meantime the state court entered a default judgment against the defendant. Later the federal court enjoined any further proceedings in the state court to enforce this judgment, and still later entered an order remanding the cause to the state court. The state court refused to set aside the judgment rendered while defendant alleged the suit was pending in the United States court, and the question finally reached the Supreme Court of the United States, and that court sustained the judgment of the state court on the theory that the case was not removable to the federal court, which question was determined by the order of remand, and that therefore the state court was never divested of jurisdiction. These cases settle the question here against the appellant's contention, and the default was therefore property entered.

[5] The only remaining question is as to whether the trial court abused its discretion in refusing to set aside the judgment by default. Under the circumstances there was no abuse of discretion. As stated by many of the cases, the party in removing the case to the federal court does so at his peril, and it is incumbent

upon him to see that his rights are protected in the state court in the event that the order of removal is determined by the federal court to have been proper. The appellant not only failed to file a pleading in the state court as he could have done prior to the removal, but neglected for 13 days after the order of remand, and gave no valid excuse for the negligence.

The trial court therefore did not abuse its discretion in refusing to set aside the default judgment, and its judgment will be affirmed; and it is so ordered.

PARKER, J., concurs.

RAYNOLDS, J., having tried the case below, did not participate.