Grone, Appellant, v. Northern Insurance Company of New York.

Argued January 9, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*John L. Pipa*, with him *Donald A. Lewis*, for appellants.

*Thomas Raeburn White, Jr.*, with him *F. Porter Wagner*, and *White, Williams & Scott*, for appellees.

*William S. Bailey*, with him *George O. Wagner*, and *Bailey & Rupp*, for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, March 25, 1957:

The plaintiffs sued seven separate insurance companies in one action of assumpsit in the Court of Common Pleas of Montour County to recover damages for the total loss of their dwelling by fire, under policies

of insurance, covering the premises, which the defendant companies had severally issued.

On June 4, 1953, three of the five foreign defendant companies, which had been served with the complaint by substituted service on May 18, 1953, jointly petitioned the United States District Court for the Middle District of Pennsylvania for the removal of the case to that court on the ground of diversity of citizenship. Another foreign defendant company filed a separate petition for removal also on June 4, 1953. On the same day, all four of the defendants so petitioning filed bonds as required by the Act of Congress, which prescribes the procedure for the removal of cases to federal court: see 28 U.S.C.A., §1446; and, at the same time those defendants filed in the case, as then removed to the Federal Court, answers to the plaintiffs' complaint as required by the Federal Rules of Civil Procedure. Four days later (viz., June 8, 1953), the three remaining defendant companies likewise filed answers in the Federal Court to the plaintiffs' complaint.

Notwithstanding that the case had thus been removed to the Federal Court, counsel for the plaintiffs, on June 10, 1953, caused judgment to be entered in their favor in the Court of Common Pleas of Montour County in the aggregate sum of $64,718.81 for the asserted failure of the defendants to file answers to the plaintiffs' complaint within twenty days of service thereof. The judgment so entered was then assessed against the respective defendants in differing amounts made certain by computation.

On June 19, 1953, plaintiffs' counsel filed with the clerk of the United States District Court a motion to dismiss the petitions for removal. That matter was so proceeded with thereafter that on December 17, 1954, the United States District Court filed a memorandum opinion and order remanding the case to the Court of

Common Pleas of Montour County for lack of diversity of citizenship of several of the defendant companies. In the meantime (i.e., August 6, 1953) four of the defendant companies had moved the Court of Common Pleas of Montour County to strike off the default judgments entered against them; and, on December 23, 1954, the three remaining defendant companies likewise filed their motion to strike off the judgments. Rules to show cause why the judgments should not be stricken off were granted on the motions and, after argument thereon, the court entered an order striking the judgments from the record and allowing the defendants twenty days within which to file answers to the plaintiffs' complaint. It is from that order that the plaintiffs have brought the present appeal.

Little need be added to what the learned court below said in its well-reasoned and thorough opinion upon striking off the judgments. At the time the judgments were entered in the Court of Common Pleas of Montour County, the record in the case was actually not in that court but was then lodged in the Federal Court for the District where all of the defendants had duly filed answers prior to the plaintiffs issuing their praecipe to the Prothonotary of Montour County for the entry of judgments for alleged, but non-existent, default. The procedure for the removal of the case to the Federal Court had been strictly pursued and when, a year and a half later, the case was remanded to the State Court, the answers to the complaint, which had been duly filed in the Federal Court, were a part of the record upon its return to the State Court. As the court below correctly observed, the judgments bore the stigma of being "snap" and, in any view, were properly stricken.

Order affirmed at appellants' costs.