[L.A. No. 31806. Dec. 15, 1983.]

LAGUNA VILLAGE, INC., Plaintiff and Respondent, v.
LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,
LOCAL UNION NO. 652, AFL-CIO, Defendant and Appellant.

COUNSEL

Julius Reich, Anthony R. Segall and Reich, Adell & Crost for Defendant and Appellant.

Richard M. Freeman, Elise C. Chaffin, Albert T. Harutunian III and Luce, Forward, Hamilton & Scripps for Plaintiff and Respondent.

OPINION

MOSK, J.—We consider in this case whether a motion for relief from default was improperly denied by the trial court. ▉ We conclude that

the court erred in so ruling because it failed to recognize that a motion to dismiss, timely filed in federal court following removal of the case from state court and prior to remand, constitutes a responsive pleading to the state complaint. We therefore reverse the order declining to set aside the default judgment. (Code Civ. Proc., § 473.)

In 1981, Laguna Village, Inc. (plaintiff) was developing a large tract of land in Laguna Hills, California. With the exception of one subcontractor, those working on the project were nonunion. The jobsite was fenced and posted with "no trespass" signs. A statement of policy governing access to the site posted at the two entry gates declared that union representatives were not permitted access to the jobsite, except for the purpose of talking with union members employed by the lone union subcontractor. It stated that "distribution of advertising material, handbills, or other literature on the construction site is prohibited at any time."

On March 17,[1] representatives of the Laborers' International Union of North America, Local Union No. 652, AFL-CIO (defendant) arrived at the project and informed the project manager they desired to enter the jobsite the next day to check safety conditions, solicit new members, and determine if any union members were employed at the site. They were given copies of the access policy. On that same day, plaintiff posted additional notices on its two entrances, designating one for union contractors and the other for nonunion contractors, and so advised defendant by mail.

The next day, March 18, representatives of defendant returned and requested entry to the site. One of defendant's agents told Robert Walter, plaintiff's executive vice president, that he desired access "for the possibility of organizing, checking for any possible violations, and to see if I have any possible members on the jobsite." Walter responded that access would be permitted solely to check union members' safety conditions. Nevertheless, ignoring Walter's protest that they were trespassing, five of defendant's agents entered the site and walked through the construction area, stopping to talk to nonunion construction workers and to distribute literature. One of the agents temporarily blocked the nonunion contractors' gate with his car.

On April 29, plaintiff filed a complaint for trespass, seeking injunctive relief and damages, in the Orange County Superior Court.[2] Ten days later,

---

[1] All events in this case occurred in 1981.

[2] Previously, defendant had filed an unfair labor practice charge against plaintiff arising from the same incident. The regional director of the National Labor Relations Board dismissed defendant's complaint on April 21. This decision was subsequently upheld on July 8.

defendant removed the action to the United States District Court for the Central District of California on the ground that the allegations in the complaint stated a claim cognizable under federal law. (Labor Management Relations Act, 29 U.S.C. §§ 185, 187.) Simultaneously, and over plaintiff's protestations,[3] defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure, rule 12(b)(1) and (6).[4] Its primary contention was that under *San Diego Unions* v. *Garmon* (1958) 359 U.S. 236 [3 L.Ed.2d 775, 79 S.Ct. 773], "neither the State nor the Federal Courts have jurisdiction over litigation of the type before the Court," and hence, the complaint "fail[ed] to state a claim upon which relief can be granted." Plaintiff filed a brief in opposition to the motion to dismiss and moved to remand the case to the state court. On July 28 the district court heard and granted plaintiff's motion to remand on the ground that no federal issues were involved. The remand order to the Superior Court of Orange County specifies that, in light of the remand, the district court declined to consider the motion to dismiss.

Because defendant's counsel was about to leave for vacation, he wrote to plaintiff's counsel on August 4 asking for an extension of time to August 31 to prepare a response to the complaint. Plaintiff's counsel responded on August 6, agreeing to grant an extension, but adding, "I would appreciate your requesting no further extensions of time in which to respond to the complaint."

Defendant's counsel did not file a response by August 31, but on Friday, September 4, tried to telephone opposing counsel, who was not in his office. Plaintiff's counsel returned the call on Monday, at which time defendant's counsel was not in. During that week both counsel apparently made several unsuccessful attempts to contact each other, the last being on Wednesday, September 9, when plaintiff's counsel left a message that once again he had returned the call.

The next day, September 10, plaintiff requested and was granted entry of default, and so notified defendant by telephone and letter. On September 11, plaintiff filed a memorandum to set a hearing on damages (Code Civ. Proc., § 585, subd. (b)), and the clerk noted on the memorandum that the

---

[3]Plaintiff's counsel asked defendant to refrain from filing the motion to dismiss the trespass action in federal court until that court could hear plaintiff's motion for remand. Counsel noted that if the federal court granted the remand motion, plaintiff would be spared the necessity of responding to defendant's motion to dismiss.

[4]Rule 12(b) provides: "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, . . . (6) failure to state a claim upon which relief can be granted . . . ."

matter had been calendared in department 1 for October 19. Defendant's counsel was assertedly served with a copy of this memorandum on the same day; in any event, a court-conformed copy of the memorandum was served on defendant's counsel September 15. Despite entry of default, on September 14 defendant filed a demurrer to the complaint, and a hearing thereon was set for September 29. On that date, the matter was submitted without oral argument. One day later the court ruled that the demurrer could not be heard until the default was first set aside.

Defendant's counsel failed to appear at the October 19 hearing on the issue of damages.[5] The court took evidence, including a videotape presentation of defendant's agents entering the jobsite and a report filed by defendant with the federal government showing its net worth to exceed $2.6 million. The court entered default judgment against defendant, awarding actual damages of $11,045.41, costs of $783.81, and punitive damages of $40,000. Additionally, the court permanently enjoined defendant from entering plaintiff's property for the purposes of engaging in solicitation, distribution of literature, checking membership cards, or "any other unlawful purpose."

Five weeks later, on November 25, defendant filed a motion for relief from default under Code of Civil Procedure section 473. That section provides in paragraph three that "The court may, upon such terms as may be just, relieve a party . . . from a judgment . . . taken against him . . . through his . . . mistake, inadvertence, surprise or excusable neglect. Application for such relief must . . . be made within a reasonable time, in no case exceeding six months . . . ." Paragraph four of section 473 provides that "The court may . . . on motion of either party after notice to the other party, set aside any void judgment or order." In his declaration in support of the motion, defendant's counsel stated that he had been extremely busy during the 11 days before August 31, the last day a responsive pleading could be filed according to the agreement of the parties. ■ ■ ■ ■ Counsel also argued that default had been erroneously entered by the superior court clerk because his motion to dismiss filed in federal court prior to remand constitutes a responsive pleading for purposes of default.[6] He

---

[5]Later, at the hearing on his motion to set aside the default, counsel stated that he failed to attend the October 19 hearing because he felt he had no "standing." (Code Civ. Proc., § 585, subd. (b).) That hearing, at which the court spent the morning taking testimony on the issue of damages, might have been avoided or postponed had defendant's counsel previously made known his intention to seek relief from default.

[6]Although defendant did not claim until the hearing on the motion to set aside the default that the motion to dismiss filed in federal court constituted a responsive pleading in the superior court action, he is not barred from making that assertion on appeal, because the issue was raised below. (*Estate of Westerman* (1968) 68 Cal.2d 267, 279 [66 Cal.Rptr. 29, 437 P.2d 517].)

asserted in addition that any failure to file a responsive pleading in state court was excusable neglect, and that his application for relief was timely made. The motion to set aside was denied. Defendant retained new counsel, and took this appeal from the order denying the motion to set aside.

Defendant makes five contentions. First, it asserts that the motion to dismiss filed in federal court constituted a responsive pleading, that the clerk improperly entered default, and hence the trial court erred in not vacating the default. Additionally, defendant argues that the court abused its discretion in denying relief from default; its entry into the jobsite was privileged; the damages awarded are excessive and unsupported by the evidence; and the injunction is overbroad.

■ At the hearing on defendant's motion for relief from default, the court was apparently swayed by plaintiff's contention that because the Code of Civil Procedure does not specifically include motions to dismiss in its list of responsive pleadings to a complaint, the motion made in federal court should be given no effect. Section 412.20, subdivisions (a)(3) and (4), require that a summons directed to the defendant must state that his default may be entered unless he "file[s] with the court a written pleading in response to the complaint within 30 days after the summons is served on him." Section 585, subdivision (b), provides that in all actions except those based on contract, "the clerk . . . upon written application of the plaintiff, shall enter the default of the defendant," unless defendant has filed one of the specifically enumerated responses. After hearing extensive argument by defendant's counsel the court rejected his contention that the motion to dismiss filed in federal court was a responsive pleading and thus the default was improperly entered by the clerk.

A century ago the United States Supreme Court observed in *Ayres* v. *Wiswall* (1884) 112 U.S. 187 [28 L.Ed.693, 5 S.Ct. 90], that "It will be for the State court, when the case gets back there, to determine what shall be done with pleadings filed . . . during the pendency of the suit in [federal court]." (*Id.* at pp. 190-191 [28 L.Ed. at p. 695].) No authority has been cited or found in which courts of this state have determined the effect to be given pleadings filed in federal court in a case subsequently remanded to state court. Courts of our sister states, however, have addressed the issue in various contexts and have reached conflicting conclusions.

Older decisions declined to give effect on remand to pleadings filed in federal court. (*Tracy Loan & Trust Co.* v. *Mutual Life Ins. Co.* (1932) 79 Utah 33 [7 P.2d 279]; *Citizens' Light, Power & Telephone Co.* v. *Usnik* (1921) 26 N.M. 494 [194 P. 862].) *Tracy Loan* held that an answer and

defense, timely filed in federal court, should be given no effect in the state court after remand for want of federal jurisdiction. (7 P.2d at pp. 281-282.) *Citizens' Light* seems directly in point: the defendant had argued that his pleading previously filed in federal court constituted a pleading in state court for the purpose of extending time to answer under state rules. The Supreme Court of New Mexico found no abuse of discretion in the trial court's refusal to grant relief from default, noting that "The federal court never having had jurisdiction of the case, of course anything done in that court would have no effect whatever on the proceedings in the state court." (194 P. at pp. 863-864.)

We question whether either *Tracy Loan* or *Citizens' Light* would be decided in the same way today. Each decision rests on the premise that a defendant acts at his peril when he seeks removal to federal court and neglects to " 'protect and preserve his right under the state statute and rules of practice prevailing in the state court.' " (*Citizens' Light, supra,* 194 P. at p. 863; *Tracy Loan, supra,* 7 P.2d at p. 282; see also *McCanna* v. *Mutual Investment & Agency Co.* (1933) 37 N.M. 597 [26 P.2d 231].) Since 1948, however, the federal removal statute has expressly prohibited any proceeding in state court after removal and prior to remand. (28 U.S.C. § 1446(e); *Dauenhauer* v. *Superior Court* (1957) 149 Cal.App.2d 22, 24-26 [307 P.2d 724]; *Hopson* v. *North American Ins. Co.* (1951) 71 Idaho 461 [233 P.2d 799, 802].) Under modern practice, the state court's jurisdiction is suspended from the moment of removal until the case is remanded to it by the federal court. (*Dauenhauer, supra,* at pp. 25-26.) There have been no cases since 1948 in which *Tracy Loan* or *Citizens' Light* have been followed.

Recently, courts have been inclined to give effect to pleadings filed in federal court before remand. (*Shelton* v. *Bowman Transp., Inc.* (1976) 140 Ga.App.248 [230 S.E.2d 762, 764] (trial court acted within its discretion in relieving from default a defendant who had filed an answer in federal court before remand); *Citizens Nat. Bk., Grant Cty* v. *First Nat. Bk., Marion* (1975) 165 Ind.App. 116 [331 N.E.2d 471, 476-477] (following remand, state court appropriately ruled on motion to dismiss filed in federal court and therefore defendants were not in default); *Armentor* v. *General Motors Corp.* (La.App. 1981) 399 So.2d 811, 812 (answer filed in federal court treated as if filed in state court for purposes of ruling on "exceptions of venue"); *Bolden* v. *Brazile* (La.App. 1965) 172 So.2d 304, 310 (answer and motion to dismiss filed in federal court treated on remand as a form of responsive pleading); *Williams* v. *St. Joe Minerals Corp.* (Mo.App. 1982) 639 S.W.2d 192, 194-195 (amended complaint filed in federal court properly before state court on remand even absent refiling); *Edward Hansen, Inc.* v. *Kearny P. O. Assoc.* 166 N.J. Super. 161 [399 A.2d 319, 323]

(pleadings filed in federal court adopted "as if they had been originally filed in this court").) And most recently, when the Supreme Court of Georgia encountered a case procedurally similar to the case at bar, the court's unanimous opinion announced that "The time has passed when technical rules were applied to those who sought unsuccessfully to remove cases to the federal courts. We therefore hold that a timely answer filed in district court following timely removal of the action is sufficient to prevent a default in a state court if the case is subsequently remanded from district court." (*Teamsters Local 515* v. *Roadbuilders, Inc.* (1982) 249 Ga. 418 [291 S.E.2d 698, 701] (citing *Edward Hansen, supra, Citizens National Bank, supra,* and *Bolden, supra.*)

Although the cases rarely articulate the policy considerations supporting the determination to adopt or give effect to federal motions or pleadings in state court, three grounds can be gleaned from the decisions. First, the courts are concerned with judicial economy. As noted in *Edward Hansen, supra,* 399 A.2d 319, "Adoption of the federal pleadings filed in this case would avoid the needless waste of time, effort and expense which would result from requiring counsel to duplicate in this court their actions of the past six years in the federal court." (*Id.* at p. 323.) Second, giving effect to a federal motion or pleading is not unfair to the plaintiff; he suffers no real prejudice, because generally he is "fully apprised of the proceedings in . . . the District Court and of that court's remand to [the state] court." (*Id.; Teamsters Local 515, supra,* 291 S.E.2d at p. 701.) Finally, by giving effect to federal motions or pleadings, courts avoid forfeiture of claims and resolve doubts in favor of litigation on the merits. (*Teamsters Local 515, supra,* at p. 701.)

Turning now to the three policy considerations as they apply to the case at bar, we find that the first factor, judicial economy, is not implicated. This is not a situation like *Edward Hansen,* in which the defendants sought to avoid the time and expense of duplicating six years of pleadings filed in the federal court. Defendant could have refiled the motion as a demurrer at little added expense in time and money. The remaining two considerations, however, do support defendant's position.

Plaintiff was served with the motion to dismiss and filed a brief in opposition thereto. Clearly, it was fully apprised of the pleadings in federal court, and was aware of defendant's contention that both state and federal courts were prevented from hearing the case. Additionally, the case at bar implicates the well settled policy favoring resolution of disputes on their merits rather than by default. In *Riskin* v. *Towers* (1944) 24 Cal.2d 274 [148 P.2d 611, 153 A.L.R. 442], we determined the trial court had abused

its discretion in denying relief from default. We drew support for this conclusion from the "well established rules that the provisions of section 473 . . . are to be liberally construed and sound policy favors determination of actions on their merits." (*Id.* at p. 279.) The cases so holding are numerous and need not be extensively cited here. (See, e.g., *Benjamin* v. *Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 525 [190 P.2d 593], and cases cited; *Arnke* v. *Lazzari Fuel Co.* (1962) 202 Cal.App.2d 278, 280-281 [20 Cal.Rptr. 762], and cases cited.)

We neither sanction nor recommend the course taken by trial counsel for defendant in failing to timely file a demurrer or other pleading in state court. Nevertheless, the policy considerations discussed above overcome any weight we might otherwise give to plaintiff's technical assertion that because demurrers and motions to dismiss are different in form, the trial court was justified in refusing to give effect to the motion. The two are closely related in substance. ▮ Like a demurrer, "a motion to dismiss admits all allegations of fact which are material and relevant, alleged in the complaint, but does not admit arguments, inferences or legal conclusions. Such a motion performs the function formerly performed by a demurrer." (*Flanigan* v. *Security-First Nat. Bank* (S.D.Cal. 1941) 41 F.Supp. 77, 79, and cases cited [explaining effect of 1938 enactment of new Fed. Rules Civ. Proc.].) We also observe that defendant did not ask the trial court to adopt the federal motion, but only that it be given effect as a "responsive pleading" so as to prevent entry of default.

▮ We conclude that in the context in which the issue is raised in this case, our policy favoring resolution of disputes on their merits suggests flexibility rather than mechanical adherence to motion and pleading labels, even at the expense of sacrificing a degree of procedural rigidity. We hold therefore that the motion to dismiss filed in federal court is sufficiently similar to a demurrer to constitute a responsive pleading for the purpose of avoiding entry of default.

Thus, the clerk's entry of defendant's default was voidable, and under the circumstances the trial court erred in denying defendant's request for relief from default. (Code Civ. Proc., § 473, par. 4.) This conclusion renders it unnecessary for us to consider other issues raised by defendant and relating to the substance of the judgment.

The order appealed from is reversed.

Bird, C. J., Richardson, J., Kaus, J., Broussard, J., Reynoso, J., and Grodin, J., concurred.

Respondent's petition for a rehearing was denied January 26, 1984.