BANKS, Appellee,

v.

ALLSTATE INDEMNITY COMPANY, Appellant.

[Cite as *Banks v. Allstate Indemn. Co.* (2001), 143 Ohio App.3d 97.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20129.

Decided Jan. 17, 2001.

*Paul Adamson,* for appellee.

*Joseph G. Ritzler* and *Franklin C. Malemud,* for appellant.

BATCHELDER, Presiding Judge.

Appellant, Allstate Indemnity Company ("Allstate"), appeals the judgment of the Summit County Court of Common Pleas. We reverse.

On November 18, 1998, Alvin Banks filed an action for breach of contract against Allstate. On December 17, 1998, Allstate filed a notice of removal to the United States District Court, Northern District of Ohio, Eastern Division (hereinafter "Federal District Court"). The trial court granted Allstate leave to file its answer on or before January 11, 1999. The notice of removal was filed in the Federal District Court on December 16, 1998. On January 11, 1999, Allstate filed its answer to Banks's complaint in the Federal District Court. Banks responded in opposition to Allstate's notice of removal on January 21, 1999, in the Summit County Court of Common Pleas. The case proceeded in the Federal District Court until May 27, 1999, when both parties stipulated that Banks's damages did not exceed $75,000. As the removal herein was based on the federal court's diversity jurisdiction, requiring both the amount in controversy to be in excess of $75,000 and diversity of citizenship, the Federal District Court concluded that it lacked jurisdiction and remanded the case to the Summit County Court of Common Pleas on May 28, 1999. See Section 1332, Title 28, U.S.Code.

The case was scheduled to be tried before the Summit County Court of Common Pleas on April 27, 2000. However, the trial court determined that Allstate had filed no answer to Banks's complaint. Accordingly, pursuant to Civ.R. 8(D), the trial court found that Allstate had admitted all of the averments in Banks's complaint and proceeded to conduct a hearing on damages alone. Allstate averred at the hearing that it had filed an answer to Banks's complaint, albeit in the Federal District Court, and proffered all the evidence that it would

have presented had the proceedings gone beyond the issue of damages.[1] The trial court entered judgment on May 16, 2000, finding Allstate liable and determining damages. This appeal followed.

Allstate asserts two assignments of error. We will review them together to facilitate review.

First Assignment of Error

"Following proper removal and subsequent remand from the federal court, the trial court erred in failing to recognize that defendant-appellant Allstate timely filed an answer to plaintiff-appellee Banks's complaint."

Second Assignment of Error

"The trial court committed reversible error by *sua sponte* entering a default judgment against defendant-appellant Allstate without conducting either a default judgment hearing or providing at least seven days' written notice of the hearing to defendant-appellant."

■ Allstate first asserts that the trial court erred by failing to give effect to the answer to Banks's complaint filed by Allstate in federal court. As we agree that the trial court should have given effect to Allstate's answer, we do not reach the merits of Allstate's second assignment of error.

■ The Ohio Supreme Court has stated that the "primary objective and function of our courts is to adjudicate cases on the merits by applying the substantive law whenever possible, and not to adjudicate cases with finality upon a strained construction of procedural law yielding unjust results." *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 406, 453 N.E.2d 648, 651. With that standard in mind, we proceed to determine whether pleadings filed in federal court should be given effect upon remand of the cause to state court.

We first note that neither Allstate nor Banks has cited to this court authority on this issue in Ohio. Moreover, we have not discovered applicable precedent in this jurisdiction.

The issue of what effect is to be given to pleadings filed in federal court prior to a remand to state court is a determination for the state court. *Ayres v. Wiswall* (1884), 112 U.S. 187, 190–191, 5 S.Ct. 90, 91–92, 28 L.Ed. 693, 695. State courts in New Mexico and Utah rendered opinions in the 1920s and 1930s that

---

1. On October 20, 2000, the trial court struck the portion of the record that contained the proffer. However, appellee did not move to supplement the record before this court with the trial court's order. We need not determine whether this portion of the record is properly before us as Allstate brought the fact that it had filed an answer to Banks's complaint in the Federal District Court to the trial court's attention at the beginning of the hearing and prior to the proffer.

pleadings filed in federal court prior to remand to state court for want of jurisdiction were, essentially, a nullity because the federal court had lacked jurisdiction. See *Tracy Loan & Trust Co. v. Mut. Life Ins. Co.* (1932), 79 Utah 33, 7 P.2d 279; *Citizens' Light, Power & Tel. Co. v. Usnik* (1921), 26 N.M. 494, 194 P. 862. However, "[t]here have been no cases since 1948 in which *Tracy Loan* or *Citizens' Light* have been followed." *Laguna Village, Inc. v. Laborers' Internatl. Union of N. Am., Local Union No. 652, AFL CIO* (1983), 35 Cal.3d 174, 180, 197 Cal.Rptr. 99, 103, 672 P.2d 882, 885.

More recently, state courts have given effect to pleadings filed in federal court prior to a remand to state court. See, *e.g., Laguna Village, Inc.,* 35 Cal.3d at 180–182, 197 Cal.Rptr. at 102–104, 672 P.2d at 885–887; *Williams v. St. Joe Minerals Corp.* (Mo.App.1982), 639 S.W.2d 192, 194–195; *Teamsters Local 515 v. Roadbuilders, Inc.* (1982), 249 Ga. 418, 421, 291 S.E.2d 698, 700–701; *Citizens Natl. Bank v. First Natl. Bank* (1975), 165 Ind.App. 116, 125, 331 N.E.2d 471, 476–477. In 1957, the Pennsylvania Supreme Court held that after removal to federal court "when, a year and a half later, the case was remanded to the State Court, the answers to the complaint, which had been duly filed in the Federal Court, were a part of the record upon its return to the State Court." *Grone v. N. Ins. Co. of New York* (1957), 388 Pa. 169, 172, 130 A.2d 452, 453.

This change in analysis has been based on numerous considerations. First, the federal removal statute, Section 1446(d), Title 28, U.S.Code, has been amended to expressly prohibit proceedings in state court after removal has occurred up until the point at which the cause is remanded. *Laguna Village, Inc.,* 35 Cal.3d at 180, 197 Cal.Rptr. at 102–103, 672 P.2d at 885. Hence, the previous analysis, which turned on the federal court's lack of jurisdiction, was rendered less persuasive. Further, numerous policy considerations have been raised by Allstate herein and have been cited by other courts. These considerations include judicial economy, a public policy in favor of resolving cases on their merits, and the lack of prejudice to other parties to the action. See *Laguna Village, Inc.,* 35 Cal.3d at 181, 197 Cal.Rptr. at 103–104, 672 P.2d at 885–886. We find these arguments persuasive. The Ohio Supreme Court has long espoused a policy of resolving cases on their merits. See *Svoboda,* 6 Ohio St.3d at 351, 6 OBR at 405–406, 453 N.E.2d at 650–651. Further, Banks was served with Allstate's answer; hence, he is not prejudiced by that answer being given effect in the Summit County Court of Common Pleas on remand. The record does not disclose any filing by Banks urging that he was prejudiced.[2] Finally, requiring

---

2. Banks urges that Allstate failed to object to the trial court's decision not to give its answer effect. Hence, he asserts that any error is waived. Upon review of the record, we find, however, that Allstate did bring this issue to the trial court's attention and even averred that it filed an answer in federal court.

parties to file documents multiple times does not comport with considerations of judicial economy, especially where the document at issue is an answer that is directed at another party, rather than a request for action by the trial court. Accordingly, we hold that a party need not refile documents in the court of common pleas after a case is remanded from federal court so long as that party makes the trial court aware of the filing's existence and, if challenged, shows proof of service on the other party at the time the document was filed in federal court.

To avoid unwarranted bar reliance, we note that we do not reach the issue of who must transmit the documents filed in federal court back to the state court or what effect must be given to documents which have not been transmitted when the trial court has not been made aware of the filings. Herein, we need only address the situation where a party has informed the trial court that a document was filed in federal court, and we hold only that, at that point, subject to whatever verification the trial court may deem appropriate, the trial court must give effect to that filing.

██ Clearly, the better practice is for the parties to check the record before the trial court to ensure that those documents, or copies thereof, filed in the federal court have been forwarded to the state court pursuant to the remand. Obviously, such a practice would ensure that the other parties to the action had received notice of the filings and would alleviate the issues raised herein. Further, we note that additional documents are missing from the record of the trial court in this matter—namely "[a] certified copy of the order of remand[.]" Section 1447(c), Title 28, U.S.Code. The clerk of the Federal District Court should have mailed this document to the clerk of the state court. *Id.* This issue is not before us, as neither party raised this apparent defect before the trial court or the Federal District Court and it is, therefore, waived. *United Tel. Co. of Ohio v. Tel. Answering Serv. of Lima, Inc.* (Aug. 27, 1984), Allen App. No. 1–82–15, unreported, 1984 WL 8066, at * 2.

Allstate's first assignment of error is sustained. Allstate's second assignment of error is rendered moot by our resolution of Allstate's first assignment of error. Hence, we decline to address Allstate's second assignment of error. App.R. 12(A)(1)(c). The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SLABY and WHITMORE, JJ., concur.