Filed 12/27/24  U.S. Bank National Association v. Sepehry-Fard CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GREENPOINT MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>FAREED SEPEHRY-FARD,<br><br>     Defendant and Appellant. | H049652<br>(Santa Clara County<br> Super. Ct. No. 17CV314286) |

Defendant Fareed Sepehry-Fard appeals from the denial of his pretrial motion for injunctive and monetary relief in a post-foreclosure unlawful detainer proceeding under Code of Civil Procedure section 1161a.[1]  By his motion, Sepehry-Fard sought an order setting aside the nonjudicial foreclosure sale, dismissing of the unlawful detainer action, and enjoining plaintiff U.S. Bank National Association (U.S. Bank) and other nonparties from harassing or contacting him.  He also sought more than $145 million in damages. The trial court denied the motion as "[un]supported by law or admissible evidence."

We affirm the denial of injunctive relief and the related requests for equitable relief and dismissal.  (See §§ 904.1, subd. (a)(6) [making appealable the denial of

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

injunctive relief], 906 [permitting review of certain intermediate orders].)  The pretrial denial of his request for monetary relief is not appealable.

## I.    BACKGROUND

U.S. Bank filed its unlawful detainer complaint against Sepehry-Fard in 2017. U.S. Bank alleged that it purchased real property at a foreclosure sale, perfected title under the sale by recording the trustee's deed upon sale, and served a three-day notice to quit but Sepehry-Fard continued in possession of the property.  Sepehry-Fard answered, admitting that he retained possession of the property.

The trial court denied Sepehry-Fard leave to file a cross-complaint.  Later, while the case was removed to federal court, Sepehry-Fard cross-complained asserting many claims against U.S. Bank and others.  Sepehry-Fard has since unsuccessfully moved the trial court for default judgment.

Styling himself as a cross-complainant, Sepehry-Fard filed the motion at issue in this appeal, which he captioned as a request for an injunction and monetary relief. Sepehry-Fard argued that U.S. Bank and others conspired to rig the nonjudicial foreclosure auction by falsely reporting that it had been postponed, suppressing the sale price.[2]  Sepehry-Fard argued that "the alleged sale should be set aside so that a new sale can be held and the owner can seek to benefit from competition" and he should be awarded roughly $150 million in damages based on the market value of the property (trebled and with interest), his time spent defending his home, and punitive damages. Sepehry-Fard also contended that the foreclosure process was defective because U.S. Bank lacked standing and failed to show that any entity involved had the authority to foreclose.  Sepehry-Fard asked for an order dismissing U.S. Bank's complaint with

---

[2] Sepehry-Fard generally referred to "Cross Defendants."  We understand the term to encompass U.S. Bank and others.

2

prejudice, enjoining U.S. Bank from harassing or contacting him, and awarding monetary relief.

In support of his motion, Sepehry-Fard filed two affidavits—from himself and from Nasser Wahab Hamidy, respectively. Sepehry-Fard also filed transcripts he prepared relating his interactions with the foreclosing trustee and the auctioneer. The thrust of Sepehry-Fard's evidence was that on July 6, 2017, the trustee told him that the foreclosure sale previously scheduled for that day had been postponed to July 20; the auctioneer confirmed the postponement to potential bidders, but the property was nevertheless sold on July 6 to the foreclosing beneficiary as the lone bidder at the auction.

Opposing the motion, U.S. Bank argued among other things that the request for injunctive relief should be denied because the summary nature of unlawful detainer proceedings precludes affirmative relief to the defendant and there was no operative cross-complaint.

In reply, Sepehry-Fard challenged the court's jurisdiction. He argued that as a "sovereign American" (boldface omitted) he was immune from suit. Yet he also used the reply to renew his previously denied request for a default judgment "on the remanded case," which we understand to be Sepehry-Fard's inoperative cross-complaint.

Sepehry-Fard also argued that U.S. Bank was not the owner of the debt so it lacked authority to foreclose. As to possession, Sepehry-Fard argued that U.S. Bank had not duly perfected title as required by section 1161a because Sepehry-Fard had recorded a lis pendens before the sale.

In December 2021, the trial court denied Sepehry-Fard's motion. Sepehry-Fard timely appealed.

## II.    DISCUSSION

On appeal, the trial court's order is presumed correct. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Sepehry-Fard must overcome the presumption by demonstrating error on the record before us. (*Id*. at p. 609.) As a self-represented

3

litigant, he "is entitled to the same, but no greater, consideration than other litigants and attorneys" and "is held to the same restrictive rules of procedure as an attorney." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639.) These rules of procedure require, among other things, organizing one's brief into separate points and supporting each point with reasoned argument, authority, and record citations. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*United Grand*).) Although as a matter of discretion we will "consider arguments for which we can discern a legal or factual basis in the briefs," we will neither " 'make other arguments for' " an appellant nor " 'speculate about which issues [appellant] intend[ed] to raise.' " (*Ibid.*)

We adhere to these principles in our review of Sepehry-Fard's various arguments.

## A.    *Jurisdiction*

Sepehry-Fard challenges the trial court's exercise of both personal and subject matter jurisdiction. Neither challenge has merit.

"Personal jurisdiction is conferred by service on the tenant of the unlawful detainer summons and complaint." (*Borsuk v. Appellate Division of Superior Court* (2015) 242 Cal.App.4th 607, 612.) Personal jurisdiction may be challenged by moving to quash service of the summons. (See *Stancil v. Superior Court* (2021) 11 Cal.5th 381, 402.) But a defendant's general appearance forfeits objections to service. (See *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1147.) Because Sepehry-Fard not only answered the complaint but has asked the court to grant him the affirmative relief of an injunction and damages, he may not now contest personal jurisdiction based on an alleged defect in service. (See *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 7–8.) Nor do his claims of sovereign citizenship entitle him to at once invoke the court's jurisdiction for his own ends and evade its jurisdiction as a defendant.[3]

_____

[3] To the extent Sepehry-Fard appears to question whether the property at issue is within the jurisdiction of the court, the county in which the real property is located is the

4

Sepehry-Fard also argues that the trial court lacked jurisdiction over this unlawful detainer proceeding because U.S. Bank lacked standing to foreclose. (See, e.g., *People ex rel. Becerra v. Superior Court* (2018) 29 Cal.App.5th 486, 496.) But U.S. Bank has properly pleaded facts supporting its standing to sue under section 1161a, and Sepehry-Fard has not articulated a viable challenge to U.S. Bank's allegations.

For the first time in various motions filed after his appellate briefing, Sepehry-Fard asserted that U.S. Bank is a defunct entity that therefore lacks standing. But Sepehry-Fard has not supplied evidence that would support this claim. His own evidence, for example, includes a printout from the Office of the Comptroller of the Currency's list of national banks active as of February 28, 2023, which identifies "U.S. Bank National Association" as an active national bank operating out of Ohio. Moreover, the Federal Deposit Insurance Corporation (FDIC) website information Sepehry-Fard provided merely reflects that "U.S. Bank National Association" with "FDIC Cert #" 5134 was succeeded, through merger or acquisition, by "U.S. Bank National Association" with "Cert – 6548," an "FDIC Insured" institution, on August 9, 2001.

**B.** *Other Appellate Motions*

**1.** *Sepehry-Fard's Motions to Augment*

This court construed four of Sepehry-Fard's motions to augment as requests for judicial notice and deferred them for consideration with the appeal. We now deny them.

When we review the correctness of the trial court's order, we generally only consider matters that were part of the record at the time the trial court entered the order. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 (*Vons*).) A party on appeal cannot use the augmentation process to present materials that were not

---

proper county for the trial of an unlawful detainer action. (§ 392.) The property is located in Santa Clara County.

5

before the trial court at the time of the order, including matters that occurred during the pendency of the appeal. (*Ibid.*; *In re K.M.* (2015) 242 Cal.App.4th 450, 456.) Nor do we normally take judicial notice of matters that were not before the trial court. (*Vons*, at p. 444, fn. 3.) The party seeking judicial notice must demonstrate the relevance of the materials to the issues in the appeal. (See *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4; *Roth v. Jelley* (2020) 45 Cal.App.5th 655, 678, fn. 10.)

Through the deferred motions, Sepehry-Fard seeks to augment the record only with trial court filings made after the trial court issued its December 2021 order denying his motion. Treated as requests for judicial notice, Sepehry-Fard has not demonstrated that the subjects of his requests are relevant to the dispositive issues on appeal. Sepehry-Fard's motions filed August 29, 2022; September 7, 2022; November 14, 2023; and November 15, 2023 are denied.[4]

### 2. *Sepehry-Fard's Other Motions*

Sepehry-Fard's remaining motions[5] assert that U.S. Bank lacks standing as a defunct entity and that this court should hold an evidentiary hearing to determine the wrongdoing of all entities involved in the foreclosure; review additional trial court orders unrelated to the present appeal; and award damages from or impose sanctions on

---

[4] Sepehry-Fard's October 24, 2024 motion for reconsideration and November 22, 2024 request for judicial notice are also denied. Both motions include requests for judicial notice, but Sepehry-Fard's apparent theory of relevance requires us to accept the truth of hearsay facts recited in the attached documents. (Cf. *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882.)

[5] These are a November 21, 2023 motion to strike U.S. Bank's opposition to certain motions to augment (and a November 22, 2023 application for leave to reply to the opposition ); a November 27, 2023 request for an evidentiary hearing; a November 28, 2023 motion to strike; a November 29, 2023 request for relief for fraud on the court; a December 13, 2023 motion to strike U.S. Bank's merits brief; an August 26, 2024 motion to strike U.S. Bank's request for oral argument; an August 26, 2024 supplemental motion to strike U.S. Bank's request for oral argument; and a December 2, 2024 motion to strike U.S. Bank's opposition to a request for judicial notice.

U.S. Bank, its attorneys, and various nonparties for taking action against Sepehry-Fard's property without the legal right to do so. But Sepehry-Fard has not proffered any basis to question U.S. Bank's existence. And we can see no basis for precluding U.S. Bank from participating in this appeal, as the party against whom Sepehry-Fard sought the relief at issue in this appeal. Appellate motion practice in this appeal is not the proper context to litigate Sepehry-Fard's challenges to U.S. Bank's role in the foreclosure process or its prosecution of an unlawful detainer action; we lack a jurisdictional basis to try Sepehry-Fard's claims in the first instance. (See §§ 904.1, 906; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 946, 948–949 (*Cahill*); see also Cal. Const., art. VI, §§ 1, 10–11.)

We deny the motions dated November 21, 2023; November 22, 2023; November 27, 2023; November 28, 2023; November 29, 2023, December 13, 2023, August 26, 2024, and December 2, 2024.

## C.    *Unavailability of Affirmative Relief*

Because of the summary nature of an unlawful detainer action concerning the right to possession, defendants are generally not permitted to file cross-complaints or counterclaims. (See *Glendale Fed. Bank v. Hadden* (1999) 73 Cal.App.4th 1150, 1153 (*Glendale*); see also *Tide Water Assoc. Oil Co. v. Superior Court* (1955) 43 Cal.2d 815, 824.) We acknowledge that postremoval filings made in federal court may, in appropriate circumstances, be given effect after remand to state court. (See *Laguna Village, Inc. v. Laborers' Internat. Union of North America* (1983) 35 Cal.3d 174, 180–182 [reversing denial of motion for relief from default entered after remand, because defendant's motion to dismiss filed in federal court constituted a timely responsive pleading].) But Sepehry-Fard circumvented the trial court's denial of leave to cross-complain by improvidently removing the case to federal court, and on remand the trial court has denied his request for entry of default. We are aware of no authority that would either require the trial court to give effect to the cross-complaint it denied

7

Sepehry-Fard leave to file or permit us to do so, and Sepehry-Fard cites none. Nor does Sepehry-Fard cite authority suggesting that he may appeal from the denial of a request to enter default on a cross-complaint. (Cf. *Brown v. Sterling Fixture Co.* (1917) 175 Cal. 563, 565.) This is fatal to Sepehry-Fard's claim that the trial court erred in denying him injunctive and equitable relief.

Sepehry-Fard asked the trial court for an injunction barring U.S. Bank from harassing or contacting him. The stated purpose for this request was to stop "any and all actions against" him. On appeal, Sepehry-Fard says that U.S. Bank's attorneys are "harass[ing], intimidat[ing], demoniz[ing], stalk[ing]," and trying to "extort monies and properties" from him. (Sepehry-Fard also asserts that the foreclosure sale should be set aside and the unlawful detainer action should be dismissed.) We identify no error in the trial court's denial of these forms of relief on Sepehry-Fard's motion.

Sepehry-Fard has not stated a legal basis for the injunction he sought. Nor has he clearly identified the facts he believes specifically support his request for such an injunction. The affidavits he filed in the trial court focused on his difficulty in securing a reinstatement quote before the foreclosure sale, alleged irregularity in the 2017 foreclosure sale, and the sale price, and economic, physical, and emotional damage he reports as a result. Although Sepehry-Fard emphasizes the affidavits in his appellate briefing, he does not explain why the allegations therein entitle him to injunctive relief.[6]

We infer that what Sepehry-Fard sought to enjoin as harassment is U.S. Bank's prosecution of this unlawful detainer proceeding. We understand the theory of harassment as follows: (1) The foreclosure sale was corrupt and should be set aside;

---

[6] Sepehry-Fard argues that "an un[]rebutted affidavit is truth." Even disregarding the trier of fact's discretion to make adverse credibility determinations (see, e.g., *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497 [explaining substantial evidence review of order granting restraining order]), Sepehry-Fard has not shown that the facts, if true, would entitle him to the relief he seeks.

8

(2) U.S. Bank's unlawful detainer proceeding should accordingly be dismissed;

(3) U.S. Bank's continued prosecution of a baseless unlawful detainer is harassment to be enjoined. But Sepehry-Fard on appeal must establish that the trial court erred in rejecting of these inferential links, and he has not done so.

Preliminarily, we note that Sepehry-Fard has not articulated why an unlawful detainer action could be enjoined as harassment. Even under Code of Civil Procedure section 527.6, litigation activity cannot be considered part of a course of conduct of harassment. (See *Hansen v. Volkov* (2023) 96 Cal.App.5th 94, 104–105.) Nor has Sepehry-Fard identified any other conduct might entitle him to injunctive relief. (See *United Grand*, *supra*, 36 Cal.App.5th at p. 153.)

"[T]he traditional method" for challenging a consummated nonjudicial foreclosure sale "is a suit in equity to set aside the trustee's sale." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 103.) As a matter of process, Sepehry-Fard has not shown that a statutory proceeding for unlawful detainer is a proper vehicle for prosecuting any affirmative cross-claim, let alone a claim to set aside a nonjudicial foreclosure sale, whether identified as such or as injunctive relief preventing harassment. (See *Glendale*, *supra*, 73 Cal.App.4th at p. 1153.) Sepehry-Fard has demonstrated no entitlement to injunctive or equitable relief on this record.

We turn to whether the trial court erred in denying Sepehry-Fard's requests as they relate to any defenses to the unlawful detainer complaint. In that vein, we could construe Sepehry-Fard's reliance on the supporting evidence he supplied as a species of request for summary judgment or summary adjudication of U.S. Bank's claim or any of his myriad asserted defenses to it. But construed as such, his request would generally be subject to section 437c's procedural requirements. (See generally *Pianka v. State of California* (1956) 46 Cal.2d 208, 211–212 [explaining that statutory summary judgment procedure superseded prior common law procedure]; §§ 437c, subd. (s), 1170.7, 1177.) And the denial of a summary judgment motion is subject to writ review; it is not

9

appealable except from the entry of a final judgment.  (See § 437c, subd. (m)(1) ["Upon entry of an order pursuant to this section, except the entry of summary judgment, a party may . . . petition an appropriate reviewing court for a peremptory writ"]; *Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 343.)

**D.**     *Sepehry-Fard's Request for Monetary Relief*

Contending that U.S. Bank and others rigged the bidding process at the foreclosure sale, Sepehry-Fard sought damages.  On appeal, he contends that he provided unrebutted evidence of damages due to bid-rigging, so he should have been granted "monetary relief."  Although the procedural limits on a defendant's ability to seek affirmative relief would apply equally to a request for monetary relief, we lack discretion to reach the procedural merits of a nonappealable order, so we will not.  As U.S. Bank observes, an interlocutory order denying damages is neither independently appealable under Code of Civil Procedure section 904.1 nor made appealable by Sepehry-Fard's decision to include a claim for damages in his request for an injunction in this summary proceeding.

The trial court's order denying injunctive relief is made appealable by Code of Civil Procedure section 904.1, subdivision (a)(6).  But even if a defendant charged with unlawful detainer could affirmatively countersue for damages in the summary proceeding, the trial court's order denying that relief is not independently appealable. (See generally *In re Marriage of Grimes & Mou* (2020) 45 Cal.App.5th 406, 418; *Cahill*, *supra*, 194 Cal.App.4th at p. 948.)

It is true that in reviewing the denial of injunctive relief, we also "may review . . . any intermediate ruling, proceeding, order or decision" that (1) "involves the merits," (2) "necessarily affects the . . . order appealed from," or (3) "substantially affects the rights of a party."  (§ 906; *Cahill*, *supra*, 194 Cal.App.4th at p. 946 [describing three statutory prerequisites as "alternative[s]"]; but see *Estate of Dayan* (2016) 5 Cal.App.5th 29, 38 [describing "three-part statutory test"].)  But an " 'intermediate' " ruling is one "that led up to, or directly relates to, the judgment or order being appealed."  (*Cahill*, at

10

p. 948 [defining " 'intermediate' " to limit appealability of orders that substantially affect the rights of a party].) The fact that multiple requests are denied in a single order, however, does not necessarily make their denials uniformly appealable. (See *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1060 [holding that discovery ruling included in order issuing injunction was not appealable because it was unrelated to the merits of the injunction and did not necessarily affect it].)

Relative to the denial of an injunction, the trial court's denial of Sepehry-Fard's request for damages is not an intermediate decision that involves the same merits, necessarily affects the appealed order, or substantially affects the rights of a party. We have inferred that Sepehry-Fard's request for injunctive relief ultimately flows from an alleged irregularity in the foreclosure sale—the foreclosing trustee first announced postponement of the sale before reversing course and holding the sale. We recognize that Sepehry-Fard's claim for damages begins with the same factual predicate, which he contends demonstrates that U.S. Bank artificially suppressed the sale price. But nothing in section 906 permits the appeal of a nonappealable order on the sole ground that it rests on a predicate fact common to the appealable one. The denial of damages turns here on his inability to prosecute such a claim by pretrial motion in an unlawful detainer proceeding. (See *Cahill*, *supra*, 194 Cal.App.4th at pp. 943–944, 946–947 [holding that order denying defendant's motion for summary judgment on plaintiff's personal injury claims was not reviewable on appeal from order dismissing defendant's cross-complaint, which turned on assessment of whether plaintiff settled claims against cross-defendants in good faith].) The denial of injunctive relief turns on Sepehry-Fard's inability to establish a legal right to enjoin an unlawful detainer proceeding as harassment. Because

11

the denial of a pretrial motion for damages is collateral to the denial of injunctive relief, we lack jurisdiction to review that issue.  (See *id*. at p. 948.)[7]

## III.   DISPOSITION

We affirm the December 17, 2021 order denying Sepehry-Fard's motion for (1) injunctive and equitable relief and (2) dismissal of the unlawful detainer action.

---

[7] We express no opinion on the merit of any of Sepehry-Fard's potential substantive claims.  To the extent we have not addressed any of Sepehry-Fard's specific contentions, the omitted contentions are immaterial to our analysis.

_____
LIE, J.

WE CONCUR:

_____
GROVER, Acting P. J.

_____
DANNER, J.

*U.S. Bank National Association v. Sepehry-Fard*
H049652