AYRES & Others *v.* WISWALL & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

Submitted October 20, 1884.—Decided November 10, 1884.

In a proceeding commenced in a State court to foreclose a mortgage, which prays judgment that the mortgage debtors be adjudged to pay the amount found due on the debt, and in default thereof that the property be sold, a mortgage debtor who has parted with his interest in the property subject to the debt (which the purchaser agreed to assume and pay), is a necessary party to the suit ; and if he is a citizen of the same State with the mortgagees, or one of them, the suit cannot be removed to the Circuit Court of the United States under the provision of the first clause of § 2, act of March 3, 1875, 18 Stat. 470.

The filing of separate answers by several defendants in a suit for the foreclosure of a mortgage, which raise separate issues in defending against the one cause of action, does not create separate controversies within the meaning of the second clause in § 2, act of March 3, 1875, 18 Stat. 470.

This is an appeal under § 5 of the act of March 3, 1875, ch. 137, 18 Stat. 470, from an order of the Circuit Court remand-

ing a case which had been removed from a State court. The suit was brought on the 15th of April, 1879, in the Circuit Court of Huron County, Michigan, by the appellees, citizens of New York, against Ebenezer Wiswall, also a citizen of New York; Ebenezer R. Ayres, a citizen of Ohio; Frederick S. Ayres, James S. Ayres, Charles G. Learned, citizens of Michigan, and many others whose citizenship did not appear, to foreclose a mortgage executed by Frederick S. Ayres, Charles G. Learned and Ebenezer Wiswall, to Catharine E. Wiswall, a citizen of New York, to secure a debt owing by them jointly to her. This mortgage, and the debt it secured, were assigned to the appellees before the suit was brought. After the mortgage was made, Ebenezer Wiswall contracted in writing to sell to Frederick S. Ayres his interest in the mortgaged property, subject to the mortgage debt which Ayres assumed to pay as part of the consideration money. Afterwards Learned sold and transferred to Ebenezer R. Ayres all his remaining interest in a part of the mortgaged property, subject to the mortgage which Frederick S. Ayres, James S. Ayres and Ebenezer Ayres bound themselves to pay. Between the time of the execution of the mortgage and the commencement of the suit, the mortgagors and their grantees sold and conveyed a large number of the parcels of the mortgaged property to various persons whose citizenship did not appear. All these purchasers were made parties. The bill, after setting forth the execution of the mortgage, and the various transfers and conveyances, and giving credit for certain payments on the mortgage debt, prayed that Frederick S. Ayres, Charles G. Learned and Ebenezer Wiswall be decreed to pay the amount found due on the mortgage debt, and in default that the property, or so much thereof as was necessary, might be sold and the proceeds applied to that purpose. It further prayed for execution against Frederick S. Ayres, Charles G. Learned, Ebenezer Wiswall and James S. Ayres for any balance of the debt which might remain due after the property was exhausted.

Ebenezer Wiswall and Learned filed separate answers to the bill, in which they admitted the execution of the mortgage and the debt for the security of which it was given, and asked

that their respective grantees, who had assumed the payment of the mortgage debt, might be decreed to be first personally liable for any money decree that should be rendered.

Frederick S. Ayres and James S. Ayres also answered, denying that the original debt for which the mortgage was executed amounted to as much as it was stated in the mortgage to be, and averring that other payments had been made beyond those stated in the bill. They insisted that there was not more than $20,000 due, and this they offered to pay.

In this state of the pleadings Frederick S. Ayres, James S. Ayres and Ebenezer R. Ayres, on the 28th of November, 1879, filed in the State court a petition, accompanied by the necessary bond, for the removal of the cause to the Circuit Court of the United States for the Eastern District of Michigan. The parts of the petition material to the present inquiry were as follows:

"That said complainants are, and were at the time said suit was commenced, citizens of New York. That your petitioners, Frederick S. Ayres and James S. Ayres are, and were when said suit was commenced, citizens of Michigan, and your petitioner, Ebenezer R. Ayres, is, and was when said suit was commenced, a citizen of Ohio. That in said suit, which is for the foreclosure of a mortgage on a large tract of land in the Eastern District of Michigan, there is a controversy which is wholly between said complainants and these petitioners, and which can be fully determined, as to them, without the presence of the other defendants."

Under this petition the case was taken to the Circuit Court of the United States, where it remained until the 29th of December, 1881, and until after a hearing and a decree finding the amount due on the mortgage and ordering a sale of the property. While the case was in the United States court, Ebenezer R. Ayres filed an answer, presenting substantially the same issues as those of Frederick S. and J. S. in the State court. On the 29th of December, 1881, and during the same term in which the final decree was rendered, the following order was made:

" It appearing to the court that the record in this cause was

improperly removed to the court from the Circuit Court of the County of Huron, in chancery, and that this court hath not jurisdiction of the cause, it is ordered that the proceedings had thereon in this court be, and the same are hereby set aside and held for naught, and that the said cause be remanded to the said Circuit Court for Huron County, in chancery, and that this cause be dismissed from this court for want of jurisdiction."

From this order the present appeal was taken on the 12th of November, 1883.

*Mr. John F. Dillon* and *Mr. John Atkinson* for appellants.

*Mr. J. H. McGowan* and *Mr. W. T. Mitchell* for appellees.

Mr. Chief Justice Waite delivered the opinion of the court. He stated the facts in the foregoing language, and continued :

The 5th section of the act of March 3, 1875, makes it the duty of the Circuit Court of the United States to remand a cause which has been removed from a State court when it shall appear to the satisfaction of the court, at any time after the suit has been removed, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court. For this purpose the Circuit Court retained its power over the suit and the parties until the end of the term at which the final decree was rendered. The parties were not, in law, discharged from their attendance in the cause until the close of the term, and the decree, though entered, was "in the breast of the court" until the final adjournment. Bac. Abr. tit. Amendment and Jeofail, A ; *Ex parte Lange,* 18 Wall. 163 ; *Goddard* v. *Ordway,* 101 U. S. 745, 752. The order to remand can be made at *any* time during the pendency of the cause when it shall appear there is no jurisdiction. The fact that Ebenezer R. Ayres had filed his answer in the United States court is a matter of no importance. That fact did not of itself confer jurisdiction if there had been none before. It will be for the State court, when the case gets back there, to determine what shall be done with pleadings filed and testi-

mony taken during the pendency of the suit in the other juris-diction.

The suit was brought for the foreclosure of the mortgage, and a personal money decree for any balance that might remain due on the debt after the security of the mortgage was exhausted. The mortgage and the debt it secured presented the subject matter of the controversy in the case. Ebenezer Wiswall was one of the mortgagors and one of the debtors. The relief sought was against him and the other defendants. It involved a finding of the amount due from him and the others who were bound for the payment of the debt, and in a certain event an order for an execution against him personally for the collection of the money. The debt was a unit. Whatever sum was due from one was also due from all who were chargeable with its payment. There could not be a decree against a part of the defendants for one sum, and against the rest for another. Although Wiswall did not contest the amount of the claim of the complainants as set out in their bill, Frederick S. Ayres, one of the joint debtors, did ; and if he succeeds in his defence it will, of necessity, inure to the benefit of Wiswall. The matter in dispute between the parties on the opposite side of the suit to enforce the mortgage, was the amount due on the mortgage debt. The complainants, citizens of New York, are on one side of the suit, and Ebenezer Wiswall, also a citizen of New York, and others, citizens of Michigan and Ohio, on the other. If the claim of the complainants is sustained, the decree will be against all the defendants. In order that the complainants may get all the relief they ask, and which, upon their showing in the bill, they are entitled to, Wiswall is a necessary and substantial party to the suit, and on the opposite side from them.

The material facts of this case are entirely different from those in the *Removal Cases*, 100 U. S. 457, where there was one controversy between the construction company and the railroad company as to the existence of a mechanics' lien and the amount due thereon, and another between the construction company and certain mortgage trustees as to the priority of their respective liens. In the progress of the cause the

mechanics' lien was established against the company, and the property sold under the lien to pay the mechanics' debt. This ended that controversy. There then remained to be settled the other controversy between the construction company and the mortgage trustees, and we held that, as the railroad company was not interested in that dispute, it was to be treated as a nominal party only. It stood indifferent between the two real parties. No decree was asked against it, and the rights of the parties who were really contending could be fully settled without its presence.

So in *Pacific Railroad* v. *Ketchum*, 101 U. S. 289, 298, we held that the trustees of a mortgage, which was being foreclosed at the suit of bondholders, might properly be arranged on the same side of the controversy about the foreclosure with the complainants, although they were nominally defendants, because there was no antagonism between them and the complainants, and no relief was asked against them. Here, however, relief is asked against Wiswall, and it grows directly out of the subject matter of the action, to wit, the collection of the mortgage debt which Wiswall owes jointly with the other debtors.

It follows that, as Wiswall was a citizen of the same State with the complainants, the suit was not removable under the first clause of § 2 of the act of 1875. All the parties on one side of the controversy were not citizens of different States from those on the other. *Removal Cases, supra.*

It remains to consider whether it was removable under the second clause, on the ground that there was in the suit "a controversy which is wholly between citizens of different States, and which can be fully determined as between them." The petition for removal was framed to meet this provision of the statute. What we have already said applies equally well to this branch of the case. The rule is now well established that this clause in the section refers only to suits where there exists "a separate and distinct cause of action, on which a separate and distinct suit might have been brought and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different States from those

on the other. To say the least, the case must be one capable of separation into parts, so that, in one of the parts, a controversy will be presented with citizens of one or more States on one side and citizens of other States on the other, which can be fully determined without the presence of the other parties to the suit as it has been begun." *Frazer* v. *Jennison*, 106 U. S. 191, 194. As has already been seen, this is not such a case. There is here but one cause of action. The personal decree which is asked against Wiswall is incident to the main purpose of the suit. It presents no separate cause of action. The fact that separate answers were filed which raised separate issues in defending against the one cause of action, does not create separate controversies within the meaning of that term as used in the statute. They simply present different questions to be settled in determining the rights of the parties in respect to the one cause of action for which the suit was brought. *Hyde* v. *Ruble*, 104 U. S. 407; *Winchester* v. *Loud*, 108 U. S. 130; *Shainwald* v. *Lewis*, 108 U. S. 158.

It follows that the suit was properly remanded, and the order of the Circuit Court to that effect is consequently

*Affirmed.*