## WINCHELL *v.* CARLL and another.

*(Circuit Court, D. Connecticut. September 17, 1885.)*

REMOVAL OF CAUSE—CITIZENSHIP—FORECLOSURE OF MORTGAGE—CONNECTICUT STATUTE.

W., the mortgagee, a citizen of Connecticut, brought suit in the state court of Connecticut to foreclose a mortgage on land situated in that state, and to obtain possession of the land, making C., the mortgagor and maker of the note, a citizen of Connecticut, and D., a citizen of New York, to whom C. had conveyed the equity of redemption, parties defendant. C. and D. were in possession of the land, and, under the statute in force in Connecticut, D. was a necessary party to the suit. *Held*, that the suit was not removable into the United States court; following *Ayres* v. *Wiswall*, 112 U. S. 187; S. C. 5 Sup. Ct. Rep. 90.

Motion to Remand.

*John W. Alling*, for complainant.

*John H. Whiting*, for defendants.

SHIPMAN, J. This is a motion to remand a cause to the state court upon the ground that it was improperly removed. It was removed under the second clause of section 2 of the act of 1875.

Winchell, the mortgagee, a citizen of Connecticut, brought before the proper state court of Connecticut a complaint for foreclosure of a mortgage of real estate, in said state, against Carll, the mortgagor, and maker of the note secured by the mortgage, a citizen of Connecticut, and Coney, a citizen of New York, to whom Carll had conveyed the equity of redemption. Carll and Coney are alleged to be in possession of the mortgaged land. The complaint prays for foreclosure and possession. A statute of the state of Connecticut, passed in 1878, (Sess. Laws 1878, p. 314,) is as follows:

"Section 1. The foreclosure of a mortgage shall be a bar to any further suit or action upon the mortgage debt, note, or obligation, unless the person or persons who are liable for the payment thereof are made parties to such foreclosure.

"Sec. 2. Upon the motion of any party to a foreclosure the court shall appoint three disinterested appraisers, who shall, under oath, appraise the mortgaged property within ten days after the time limited for redemption shall have expired, and shall make written report of their appraisal to the clerk of the court where said foreclosure was had, which report shall be a part of the files of such foreclosure suit, and such appraisal shall be final and conclusive as to the value of said mortgaged property; and the mortgage creditor, in any further suit or action upon the mortgage debt, note, or obligation, shall recover only the difference between the value of the mortgaged property as fixed by such appraisal and the amount of his claim."

Another statute of said state, passed in 1875, (Sess. Laws 1875, p. 30,) is as follows:

"Whenever any foreclosure or other suit in equity shall be brought asking for any relief in relation to lands, the petitioner may in his bill pray for the possession of such lands, and the court may, if it grant his petition and find he is entitled to the possession of such lands, issue its execution of ejectment, commanding the officer to eject the person in possession of such lands, and to place the petitioner in possession thereof; and such officer shall proceed

v.24F,no.16—55

with such execution in the same manner as in executions in ejectment at law: provided, no execution shall issue against any persons in possession who are not made parties to the petition."

The question depends entirely upon these statutes, or one of them. Did they not exist, Carll would have been an unnecessary party. *Swift* v. *Edson*, 5 Conn. 532.

I shall refer only to the statute of 1878. The complainant, in order to preserve his legal rights against the maker of the note, was compelled to make him a party to the complaint for foreclosure. Complete relief could not be obtained unless this had been done; for, although an execution could not be issued against Carll in this proceeding, no judgment could ever be rendered against him unless he had been made a party to this suit. There is, as in the case of *Ayrès* v. *Wiswall*, 112 U. S. 187, S. C. 5 Sup. Ct. Rep. 90, "but one cause of action,"—the mortgage, and the debt which it secured;—and it was indispensable, if the complainant wished to preserve the legal liability of Carll upon the note, and to keep unimpaired his own right to complete relief upon his cause of action, to make Carll a defendant. The question which is here involved comes within the principle decided in *Ayres* v. *Wiswall*.

The motion to remand is granted.