**William CRUMPTON, Plaintiff–Appellant,**

v.

**Eric PERRYMAN, Gloria Rivera, Holly Bowers, Carlos Jackson,and Diane Doe, last name unknown, Defendants–Appellees.**

**No. 97CA0388.**

Colorado Court of Appeals, Div. IV.

April 16, 1998.

William Crumpton, Pro Se

Hall & Evans, L.L.C., David R. Brougham, Tracey P. Robinson, Denver, for Defendants–Appellees Perryman, Rivera, and Bowers.

Halaby, Cross, Liechty, Schluter & Buck, Theodore S. Halaby, Denver, for Defendant–Appellee Jackson.

Opinion by Judge VOGT.

Plaintiff, William Crumpton, appeals the judgment of dismissal entered in favor of defendants, Eric Perryman, Gloria Rivera, Holly Bowers, Carlos Jackson, and Diane Doe (last name unknown). We affirm.

Defendants Perryman, Rivera, and Bowers were assistant district attorneys involved in prosecuting plaintiff on criminal charges. Plaintiff's complaint alleges that, during the course of the prosecution, these defendants illegally obtained his medical records with the help of defendants Jackson and Doe, who were employed at the jail where plaintiff was awaiting trial. Based on these allegations, plaintiff sought damages under 42 U.S.C. § 1983 (1997) for violation of his Fourth, Fifth, and Fourteenth Amendment rights. The trial court granted defendants' motions to dismiss, finding that plaintiff's complaint was filed after expiration of the period specified in the applicable statute of limitations.

## I.

Plaintiff argues that the trial court should not have dismissed the complaint based on the statute of limitations because the issue was not properly before the court. We disagree.

In response to plaintiff's complaint, defendants removed the matter to federal court

pursuant to 28 U.S.C. § 1443 (1994), and then filed motions in that court to dismiss on statute of limitations and other grounds. Concluding that 28 U.S.C. § 1443 did not permit removal of plaintiff's action, the federal court remanded the case without ruling on the motions. Defendants did not renew their motions in state court after the remand.

■ Plaintiff contends that, since defendants had not moved the state court to dismiss the case, the statute of limitations issue was not properly before that court, and the court should not have dismissed on that basis. We hold that the state court did not err in ruling on the motions to dismiss even though those motions were made in federal court prior to remand.

■ When a case is removed to federal court, the parties are not required to renew all outstanding motions. Rather, the case enters the federal system "in the same condition in which it left the state system." *In re Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992). In *Granny Goose Foods, Inc. v. Brotherhood of Teamsters, Local No. 70*, 415 U.S. 423, 435–36, 94 S.Ct. 1113, 1122, 39 L.Ed.2d 435, 448 (1974), the Supreme Court observed:

> Judicial economy is promoted by providing that proceedings had in state court shall have full force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court.

The effect to be given by a state court to pleadings filed in federal court prior to a remand, however, is a matter of state policy. *See Ayres v. Wiswall*, 112 U.S. 187, 5 S.Ct. 90, 28 L.Ed. 693 (1884). Some state courts have held that motions and pleadings filed in federal court prior to remand may properly be considered by the state court. *See Teamsters Local 515 v. Roadbuilders, Inc.*, 249 Ga. 418, 291 S.E.2d 698 (1982); *Citizens National Bank v. First National Bank*, 165 Ind. App. 116, 331 N.E.2d 471 (1975); *Edward Hansen, Inc. v. Kearny Post Office Associates*, 166 N.J.Super. 161, 399 A.2d 319 (1979). Other states have refused to consider issues raised in papers filed in federal court but not renewed in the state court after remand.

*See Citizens' Light, Power & Telephone Co. v. Usnik*, 26 N.M. 494, 194 P. 862 (1921); *Tracy Loan & Trust Co. v. Mutual Life Insurance Co.*, 79 Utah 33, 7 P.2d 279 (1932).

In our view, interests of efficiency and judicial economy favor a policy of giving continued effect to pleadings and motions filed in federal court prior to remand. This rule mirrors the federal post-removal procedure of picking the case up where it left off and avoids the necessity of duplicative filings. *See Teamsters Local 515 v. Roadbuilders, Inc., supra; Edward Hansen, Inc. v. Kearny Post Office Associates, supra.* Further, the rationale underlying older state court decisions refusing to give effect to federal pleadings filed prior to remand has been substantially undercut since the 1948 revision of the federal removal statute, 28 U.S.C. § 1446 (1994), which now expressly prohibits any proceeding in state court after removal and prior to remand. *See Laguna Village, Inc. v. Laborers International Union Local No. 652*, 35 Cal.3d 174, 197 Cal.Rptr. 99, 672 P.2d 882 (1983).

We also note that there is no indication that plaintiff's right to notice and to be heard was in any way impaired by the state court's ruling on the motions, as plaintiff fully responded to both motions.

## II.

Plaintiff next asserts that the trial court erred in concluding that his 42 U.S.C. § 1983 claim was filed after the expiration of the applicable statute of limitations. Again, we do not agree.

### A.

■ The two-year statute of limitations in § 13–80–102, C.R.S.1997, applies to claims made under 42 U.S.C. § 1983. *Allen v. City of Aurora*, 892 P.2d 333 (Colo.App.1994); *see also Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Thus, the court correctly applied that statute of limitations to plaintiff's claims in this case. Contrary to plaintiff's contention, the fact that his § 1983 complaint was based in part on defendants' asserted violation of § 18–4–412,

C.R.S.1997, does not implicate any different limitations period.

The determination of when § 1983 actions accrue is controlled by federal law. *Allen v. City of Aurora, supra.* A civil rights action under § 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Baker v. Board of Regents,* 991 F.2d 628 (10th Cir.1993).

Plaintiff concedes that he knew as of January 8, 1993, of the facts that gave rise to the action. He filed his complaint on February 5, 1996. Thus, the complaint was filed more than two years after the cause of action accrued, and was untimely under § 13–80–102.

### B.

Plaintiff contends in the alternative that the statute of limitations should be tolled because defendants allegedly had lied under oath during his criminal case. We are not persuaded.

The plaintiff has the burden of establishing a factual basis for tolling the statute.

*Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036 (10th Cir.1980). The actions described by the plaintiff here do not constitute a basis for tolling the limitations period, and he has cited no other facts in support of this contention.

### III.

Finally, we reject plaintiff's claim that the trial court was biased in its handling of this case. The record contains no indication of any impropriety or of the appearance of impropriety. To the extent plaintiff argues that a conflict of interest arose merely because some of the defendants knew the judge through their work as prosecutors, we reject this contention.

Judgment affirmed.

NEY and RULAND, JJ., concur.