**Petition for Writ of Mandamus Denied and Opinion filed August 9, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00315-CV

## IN RE LORENZO WILLIAMS, Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
County Civil Court at Law No. 3
Harris County
Trial Court Cause No. 865096-801**

## O P I N I O N

On April 4, 2012, relator Lorenzo Williams filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. Williams asks this court to compel the Honorable Linda Storey, presiding judge of the County Civil Court at Law No. 3 of Harris County to vacate the trial court's order denying his motion to vacate judgment and motion to dissolve writ of garnishment. We deny mandamus relief.

**BACKGROUND**

On July 31, 2001, the Cadle Company ("Cadle") obtained a judgment in a Michigan court in the amount of $22,107.12 against Williams. Almost five years later, on May 23, 2006, Cadle filed an authenticated copy of the Michigan judgment in the office of the Harris County Clerk, seeking to domesticate and enforce the Michigan judgment in Texas under the procedures in Chapter 35 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 35.001, *et seq.* (Vernon 2008).[1]

More than a decade after obtaining the Michigan judgment, Cadle, on November 28, 2011, filed an application for writ of garnishment on JP Morgan Chase seeking to collect the judgment. Shortly thereafter, JP Morgan Chase was served with a writ of garnishment. After learning of the service of this writ, Williams filed a motion to vacate the underlying judgment and motion to dissolve the writ of garnishment. Williams denied receiving notice of the Michigan lawsuit, the Michigan judgment, or the filing of a copy of the Michigan judgment in the office of the Harris County Clerk. In the motion, Williams asserted that Cadle was not entitled to a writ of garnishment because its judgment is void due to a failure to follow the procedures of section 35.004. Therefore, Williams asserted that the trial court should dissolve the writ of garnishment and vacate the judgment. As an additional basis for this relief, Williams asserted that the purported Texas judgment was also void because Williams was not adequately served with process in the Michigan lawsuit. Following a hearing, the respondent denied Williams's motion to vacate the judgment and motion to dissolve the writ of garnishment.

---

[1] The Legislature amended Texas Civil Practice and Remedies Code section 35.004 in May 2011. *See* Act of May 3, 2011, 82nd Leg., R.S., §§ 1, 3, 4, ch. 65, 2011 Tex. Sess. Law Serv. 107, 107. The amended statute applies only to the filing of a foreign judgment on or after May 17, 2011. *See id*. The filing of a foreign judgment before May 17, 2011 is governed by the law in effect immediately before that date. *See id*. Unless otherwise stated, all statutory references in this opinion are to the Texas Civil Practice and Remedies Code and to the version of that statute in effect immediately prior to May 17, 2011.

**MANDAMUS STANDARD**

To be entitled to mandamus relief a relator generally must show that the trial court abused its discretion and that there is no adequate remedy at law, such as by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). On mandamus review of factual issues, a trial court will be held to have abused its discretion only if the party requesting mandamus relief establishes that the trial court could have reached but one decision (and not the decision it made). *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). Mandamus review of issues of law is not deferential. A trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law to the facts. *In re Cerberus Capital Mgmt.*, 164 S.W.3d 379, 382 (Tex. 2005).

If the trial court issues an order beyond its jurisdiction or renders a void order, the relator is not required to show that he does not have an adequate appellate remedy. *See Dunn v. Street*, 938 S.W.2d 33, 35 (Tex. 1997); *Board of Disciplinary Appeals v. McFall*, 888 S.W.2d 471, 472–73 (Tex. 1994); *Custom Corporates, Inc. v. Security Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). If Williams is correct that the underlying judgment is void, then he need not show that he lacks an adequate appellate remedy to qualify for mandamus relief. We presume for the sake of argument that, if Chapter 35's procedures were not followed, (1) Cadle's Texas judgment would be void; (2) the order denying Williams's motion to dissolve the writ of garnishment would be void; and (3) Williams would not need to show that he lacks an adequate remedy at law. *See Allen v. Tennant*, 678 S.W.2d 743, 744 (Tex. App.—Houston [14th Dist.] 1984, orig. proceeding) (holding foreign judgment that creditor attempted to domesticate in Texas was void because clerk did not send notice of the filing of this judgment to judgment debtor and that therefore the judgment and all trial court orders pertaining to the judgment were void).

3

Williams argues that the trial court abused its discretion by concluding that (1) section 35.004's procedures were followed in Cadle's attempt to domesticate the Michigan judgment in Texas, and (2) the 2001 Michigan judgment is not void due to inadequate service of process on Williams in the Michigan lawsuit.

**Domestication of the Texas Judgment**

Under the applicable version of Chapter 35, when, as in the case under review, the creditor does not undertake to mail notice that the foreign judgment has been filed in Texas, the trial court clerk "shall promptly mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall note the mailing in the docket." Tex. Civ. Prac. & Rem. Code Ann. § 35.004(b). In the trial court and in this court, Williams has argued that section 35.004(b) was not followed because Cadle did not mail notice of the filing of the Michigan judgment. Under the unambiguous language of the applicable statute, the trial court clerk, not Cadle, is the one who mails the notice. *See id.*

Under section 35.004(b), the trial court clerk shall promptly mail the notice, and to provide proof that the notice was mailed, the clerk shall also note the mailing in the docket. *See id.* Williams's denial that he received any notice that Cadle filed an authenticated copy of the Michigan judgment in Texas is sufficient to raise a fact issue as to whether the trial court clerk mailed the notice, but it does not conclusively prove that the clerk did not mail the notice. *See Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 482, 491–92 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Cadle states that it requested the trial court to take judicial notice of its docket. In any event, we presume that the trial court took judicial notice of its own docket, even without any request being made and without any announcement by the trial court that it was taking such judicial

4

notice. *See In re A.W.B.*, No. 14-11-00926-CV, 2012 WL 1048640, at *3 (Tex. App.—Houston [14th Dist.] Mar. 27, 2012, no pet.) (mem. op.); *Marble Slab Creamery, Inc. v. Wesic, Inc.*, 823 S.W.2d 436, 439 (Tex. App.—Houston [14th Dist.] 1992, no writ). If the trial court's docket shows that the trial court clerk noted the mailing of the notice of filing of judgment in the docket, then the trial court reasonably could resolve the fact issue as to whether the clerk mailed the notice against Williams, concluding that the notice was mailed. If so, then the requirements of section 35.004(b) were satisfied. *See* Tex. Civ. Prac. & Rem. Code Ann. § 35.004(b). But, the mandamus record does not contain an authenticated copy of the trial court's docket; therefore, this court cannot find an abuse of discretion because the trial court's docket might support the trial court's implied findings that the trial court clerk promptly mailed the notice and noted the mailing on the trial court's docket.[2] *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (stating that it is relator's burden to provide a record sufficient to establish entitlement to mandamus relief); *In re Le*, 335 S.W.3d 808, 813–14 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (holding appellate cannot hold that the trial court abused its discretion in a mandamus proceeding in which there is an incomplete record of the evidence needed to make that determination). Accordingly, we hold that the trial court did not abuse its discretion by making these implied findings.

**Service of Process in Michigan**

---

[2] Williams relies upon notations of "no service" in the trial court's file. These references could simply mean that no service of process was requested or necessary. Service of process is not required under Chapter 35. In any event, these references do not prove as a matter of law that the trial court clerk did not mail notice that Cadle had filed the Michigan judgment in Texas.

5

Williams further contends that the trial court abused its discretion in failing to dissolve the writ of garnishment because he did not receive adequate service of process of the Michigan suit. A person may challenge the jurisdiction of a sister state to render a judgment against him by demonstrating that service of process was inadequate under the rules of the sister state. *See Cash Register Sales & Serv. of Houston, Inc. v. Copelco Capital, Inc.*, 62 S.W.3d 278, 281 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

In its response, Cadle asserts that Williams cannot challenge the 2001 Michigan judgment because the validity of a foreign judgment may be investigated by a Texas court only according to the regular timetables for challenging a Texas judgment. *See Walnut Equipment Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996); *Malone v. Emmert Indus. Corp.*, 858 S.W.2d 547, 548 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Under Texas procedural law, after the trial court's plenary power has expired, the trial court may not vacate a Texas judgment created by the filing of a foreign judgment (or any other Texas judgment) except through a timely-filed bill of review. *See* Tex. R. Civ. P. 329b(f); *BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 725 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

An authenticated copy of the judgment was filed in Texas on May 23, 2006. The trial court's plenary power expired no later than 120 days later. *See* Tex. R. Civ. P. 306a(4), 329b(f); *Malone*, 858 S.W.2d at 548–49. Therefore, the only avenue under Texas procedural law for Williams to challenge the Michigan court's jurisdiction was to file a bill of review during the applicable time period. The deadline within which to file a bill of review is four years from the date the court loses its plenary power. *See Caldwell v. Barnes*, 975 S.W.2d 535, 539 (Tex. 1998); Tex. Civ. Prac. & Rem. Code Ann. § 16.051. Consequently, the time for filing a bill of review expired before Williams challenged service of process in the Michigan suit in 2012 in his motion to vacate the judgment and motion to dissolve the writ of garnishment. The trial court did not err by

impliedly finding that Williams's challenge to the Michigan judgment was barred under Texas procedural law.

In his motions to vacate the judgment and to dissolve the writ of garnishment, Williams did not assert that Chapter 35 and the Texas procedures for challenging judgments filed under this statute, as applied to Williams, violated his due process rights. Nor did Williams assert in these motions that the application of this Texas procedural law denied Williams (1) notice reasonably calculated, under the circumstances, to apprise him of the filing of the Michigan judgment in Texas, or (2) the opportunity to present his objections to that judgment. We presume that the applicable Texas procedural law is constitutional. *See Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 725 (Tex. 1995); *Wojcik v. Wesolick*, 97 S.W.3d 335, 339 (Tex. App.—Houston [14th Dist.] 2003, no pet.). The issues before the trial court and this court involve the construction and application of this Texas law, not any challenge to the constitutionality of the Texas procedures.

Williams has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny the petition for writ of mandamus.


/s/     Kem Thompson Frost
        Justice



Panel consists of Justices Frost, Boyce, and McCally.

7