ACCEPTED
14-14-00899-CV
FOURTEENTH COURT OF APPEAL:
HOUSTON, TEXAS
3/10/2015 3:54:40 PM
CHRISTOPHER PRIN
CLERK

## No. 14-14-00899-CV

In the Court of Appeals for the
Fourteenth District of Texas at Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
3/10/2015 3:54:40 PM
CHRISTOPHER A. PRINE
~~Clerk~~

MAYOR ANNISE PARKER AND CITY OF HOUSTON,

*Appellant*

V.

JACK PIDGEON AND LARRY HICKS

*Appellee*

On Appeal from the 310th Judicial District Court
Harris County, Texas
Trial Court Case No. 2014-61812

**Appellants' Response to Appellees' Motion to Supplement the Appellate Record**

To the Honorable Fourteenth Court of Appeals:

Appellant the City of Houston objects to the supplementation of the appellate record with documents from other cases that were not offered into evidence at the hearing or otherwise presented to the trial court, and in support states as follows:

## Introduction

Texas Rule of Appellate Procedure 34.5(c) authorizes appellate courts to supplement the record; however, it does not allow the creation of a new trial court record. *Richards v. Comm'n for Lawyer Discipline*, 35 S.W.3d 243, 251 (Tex. App.—Houston [14th Dist.] 2000, no pet.). That is what the Appellees are attempting to do here. They wish to add to the trial court record all pleadings filed in three separate proceedings, none of which were filed in this case or presented to the trial court at the hearing. The motion to supplement the record should be denied.

## Background

On November 19, 2013, Mayor Anise Parker issued a directive allowing spousal benefits to same-sex spouses of City of Houston employees who have been legally married in another state.[1] Three lawsuits resulted.

The first was filed by these same plaintiffs on December 17, 2013, removed to federal court, and eventually remanded.[2] Prior to remand, the state

---

[1] The directive was issued following the decisions in *United States v. Windsor*, 133 S. Ct. 2675 (2013). *See also De Leon v. Perry*, 975 F. Supp. 2d 632 (W.D. Tex. 2014), appeal docketed, No. 14-50196 (5th Cir. March 1, 2014).

[2] *See* CR 61, *Pidgeon v. Parker*, No. 2013-75301, in the 310th Judicial District Court of Harris County, Texas. On January 26, 2014, Judge Lisa Millard entered a TRO without notice. (*Id.*). The City removed to federal court. The Hon. Lee H. Rosenthal did not grant injunctive relief, but on August 28, 2014, remanded the case to state court, holding no

trial court gave notice that a motion to retain was required to keep the case on the state court docket. When a motion was not filed, the case was dismissed for want of prosecution on May 9, 2014. (CR 146). The plaintiffs filed no motion for new trial or appeal. After remand, plaintiffs did not seek to reopen the case.

The second lawsuit was filed on December 26, 2013 by three City of Houston employees, seeking enforcement of the November 19, 2013 directive.[3] On August 29, 2014, the federal district court, the Honorable Sim Lake, entered an order enjoining the City from discontinuing the employee benefits and staying the case pending the decision of the Fifth Circuit Court of Appeals in *De Leon*. (CR 134).

The third lawsuit, from which this appeal arises, was filed in October 2014. In their original petition in this suit, Appellees allege the Mayor's directive to provide same-sex spousal benefits is a violation of the Texas Family Code § 6.204(c)(2) (the Texas "Defense of Marriage Act" or "DOMA"), the Texas Constitution art. I, § 32, and the City of Houston

---

federal law issue was raised. *See Pidgeon v. Parker*, No. H-13-3768, 2014 WL 4319041 (S.D. Tex. Aug. 28, 2014).

[3] *See* CR 40, original complaint in *Freeman v. Parker*, No. 4:13-cv-3755, in the United States District Court for the Southern District of Texas.

Charter, art. II, § 22. (CR 6-8). They seek injunctive relief, unspecified actual damages, and attorneys' fees. (CR 4).

The City and Mayor filed a plea to the jurisdiction and supplemental plea, a motion to stay due to the federal court order enjoining the City from discontinuing benefits, and subject to those motions, a response to the request for temporary injunctive relief. (CR 20, 30, 82, 161). On November 5, 2014, the trial court held a hearing on the plea, the motion to stay, and the temporary injunction. (CR 20, 30, 82; RR 1-55). The Appellees offered no evidence on any issue at the hearing. (RR 1-55).

The trial court denied the pleas to the jurisdiction and motion for stay, but granted a temporary injunction ordering the City to discontinue the benefits. (CR 169, 170, 171).

The City appealed both the denial of the plea (No. 14-14-00932-CV) and the injunction (No. 14-14-00899-CV). The filing of a notice of interlocutory appeal of the City's plea stayed all further proceedings in the trial court pending resolution of that appeal. Tex. Civ. Prac. & Rem. Code § 51.014(b).

## Argument and Authorities

**I.     The appellate record may not be supplemented with documents that were never filed with the trial court.**

It has long been the law in Texas that an appellate court may not examine a record from another case for the purpose of ascertaining a fact not shown in the record of the case before it. *Armendiaz v. De La Serna*, 40 Tex. 291, 303, 1874 WL 7932, at *6 (1874) (emphasis added). *See also Victory v. State*, 158 S.W.2d 760, 763 (Tex. 1942) (same).

To be properly included in the record on appeal, or later supplemented into the record, a document must be filed with the trial court. *See* Tex. R. App. P. 34.5(c)(1). Once an appeal is perfected, the trial court cannot change the record that existed at the time the judgment was granted. *Gerdes v. Marion State Bank*, 774 S.W.2d 63, 65 (Tex. App.—San Antonio 1989, writ denied). Documents not part of the trial court record when the trial court made the ruling appealed from may not be considered on appeal. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 726 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

Certainly a court may under some circumstances take judicial notice of the records of another court, but the party must offer them as evidence for that purpose at trial. *Richards*, 35 S.W.3d at 251. In *Richards*, this Court denied a motion to supplement the appellate record with pleadings from related cases. *Id.* The Court explained:

> Appellant never offered these pleadings and documents into evidence at the trial on the merits. Appellant made no bills of exceptions, formal or informal. No offer of proof was made of the excluded evidence in any form. The excluded evidence is not in the record. **Rule 34.5(c), *Texas Rules of Appellate Procedure, authorizes appellate courts to supplement the record; however, it does not allow the creation of a new trial court record.***

*Id.* (emphasis added). *See also, e.g.*, *Intermarque Auto. Prods., Inc. v. Feldman*, 21 S.W.3d 544, 547 n.3 (Tex. App.—Texarkana, 2000 no pet.) (denying request to supplement the record with orders from a related bankruptcy court proceeding because "[t]he bankruptcy court's order was not admitted as evidence when the trial court made its ruling.").

Here the documents Appellees seek to make a part of the appellate record were never filed with the trial court. They are documents included in the records of three other cases. Each of these three cases has its own file number, each has a separate docket sheet, and each constitutes a separate record. The Appellees did not attach any of these pleadings to their filings in the trial court, introduce them as evidence at the hearing or ask the trial court to take judicial notice of them.

The trial court based its ruling on the record that was before it at the November 5, 2014 hearing. The issues on appeal were all raised before the trial court. If the Appellees believed the trial court needed these documents to properly resolve this case, it was up to them to make the documents part of the

trial record. They did not do so, and their attempt to create a new record before this Court is improper. The motion to supplement should be denied.

## II. The Appellees were not deprived of an opportunity to use records from the other proceedings.

The Appellees suffered no "procedural slights." They never sought to file records from these other cases in the trial court. In arguing the state court should extend comity to the federal court order staying the City from taking any action to change the employee benefits pending the Fifth Circuit's decision in *DeLeon*, the City filed as an exhibit the Original Complaint in the parallel federal court lawsuit, *Freeman v. Parker*.[4] (CR 30, 40-55). The Appellees had every opportunity to similarly bring forward any pleadings or other information from either of the two federal court proceedings.

With respect to the trial court's dismissal of the first state court proceeding, the Appellees took no action to keep the case on the court's docket or to reopen it following the remand. Instead they filed a new lawsuit. The City had nothing to do with that decision, but it does not matter. Even in the remanded case, the Appellees would have had to bring to the state court's attention any relevant pleadings and orders filed in the federal court before remand. The only exception under Texas law is that a default judgment may

---

[4] No. 4:13-cv-3755, in the United States District Court for the Southern District of Texas.

not be entered if an answer has been filed in the federal court. Tex. R. Civ. P. 237a. If there was something from the federal court case before remand that should have been considered by the trial court in this second state court case, there was no impediment to the Appellees introducing it as evidence at the hearing.

There is nothing in the record to support the Appellees' suggestion that the trial court independently took "judicial notice" of the pleadings in these other files. Nothing suggests the trial court considered them at the hearing. Appellees cite to two cases where this Court presumed that a trial court had knowledge of the records in the file of the same case. *Marble Slab Creamery* was a challenge to a trial court's finding that a party waived the right to seek arbitration by substantially invoking the judicial process. *Marble Slab Creamery, Inc. v. Wesic, Inc.*, 823 S.W.2d 436, 439 (Tex. App.—Houston [14th Dist.] 1992, no writ). This Court presumed that in addition to the motion to compel arbitration and the response, the trial court took judicial notice of the contents of the record on file, including injunction pleadings, extensive discovery, counterclaims, a third-party petition etc. Similarly, in a mandamus involving a notice sent by the clerk of the court, this Court held that the trial court could consult its docket to determine if the notice had been sent. *In re Williams*, 378 S.W.3d 503, 506 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding).

That is not the kind of judicial notice Appellees are seeking here. Instead they ask this Court to take judicial notice of unspecified records of two federal courts and a prior state court case, none of which was presented to the trial court below. And even assuming the trial court had knowledge of the first state court proceeding, there is no basis for making that presumption regarding the case after removal to federal court. Nor is there any basis for the trial court to have knowledge of pleadings in the unrelated *Freeman v. Parker* case.

## III. The other authorities Appellees cite do not support supplementation of the appellate record.

The other authorities the Appellees cite do not change the rule that the court of appeals will not consider evidence not first presented to the trial court. To the contrary. The Texas Supreme Court case they cite, *Gardner v. Martin*, holds that in a motion for summary judgment based on the theory of res judicata, the movant must attach to the motion certified copies of pleadings in the prior case, even though the prior case was between the same parties and before the same court. *Gardner v. Martin*, 162 Tex. 156, 157, 345 S.W.2d 274, 275 (Tex. 1961). *See also Paradigm Oil, Inc. v. Retamco*, 161 S.W.3d 531, 539 (Tex. App.—San Antonio 2004, pet. denied) (holding trial court cannot take judicial notice of testimony from a previous proceeding unless the testimony is admitted into evidence at the subsequent proceeding).

The cases from other jurisdictions listed in bullet points on pages 6-8 are on the issue of whether on remand, a state trial court must "give effect" to pleadings and orders entered in the federal court. *See, e.g.*, *Laguna Vill., Inc. v. Laborers Int'l Union of N. Am.*, [672 P.2d 882](#), [885-86](#) (Ca. 1983); *Crawford v. Morris Transp., Inc.*, [990 S.2d 162](#), [173 n.27](#) (Miss. 2008). Many of these cases hold that a party cannot suffer a default judgment in state court once an answer has been filed in federal court.[5] In others a party called a relevant federal court pleading or order to the state court's attention after remand.[6] In some it is not clear how the federal court pleading or order was raised in the state court.[7] In others, the court recognized the general rule that the state court

---

[5] California: *Laguna Village,* [672 P.2d at 885–86](#); Louisiana: *de Reyes v. Marine Mgmt. & Consulting, Ltd.*, [544 So.2d 1259](#), [1260](#) (La. App. 1989); *Rivet v. Regions Bank*, [838 So.2d 1290](#), [1294](#) (La. 2003); Indiana: *Citizens Natl. Bank v. First Natl. Bank*, [331 N.E.2d 471](#), [476–77](#) (Ind. App. 1975); Pennsylvania: *Grone v. Northern Ins. Co. of N.Y.*, [130 A.2d 452](#), [453](#) (Pa. 1957); Rhode Island: *Doe v. E. Greenwich School Dept.*, No. C.A. PC.2004-0697, [2004 WL 2821639](#), at *4 n.3 (R.I. Super. Dec. 3, 2004), *aff'd on different grounds*, [899 A.2d 1258](#) (R.I. 2006); Georgia: *Teamsters Local 515 v. Roadbuilders, Inc.*, [291 S.E.2d 698](#), [701](#) (Ga. 1982); Colorado: *Crumpton v. Perryman*, [956 P.2d 670](#), [672](#) (Colo. App. 1998).

[6] New Jersey: *Edward Hansen, Inc. v. Kearny Post Office Assocs.*, [399 A.2d 319](#), [323](#) (N.J. Super. 1979); Ohio: *Banks v. Allstate Indem. Co.*, [757 N.E.2d 776](#), [778](#) (Ohio App. 2001); Minnesota: *Doerr v. Warner*, [76 N.W.2d 505](#), [510](#) (Minn. 1956).

[7] Minnesota: *Hunter, Keith Indus., Inc. v. Piper Capital Mgmt., Inc.*, [575 N.W.2d 850](#), [853](#) (Minn. App. 1998); New Mexico: *State ex rel. Village of Los Ranchos de Albuquerque v. City of Albuquerque*, [889 P.2d 204](#), [207](#) (N.M. App. 1993); Colorado: *Crumpton v. Perryman*, [956 P.2d at 672](#).

determines what effect is given to proceedings in the federal court prior to remand.[8] *See Ayres v. Wiswall*, 112 U.S. 187, 190-91 (1884).

These cases are not relevant to the issue here. In the first place, the remanded first state court case is not the case on appeal before this Court. And even if it were, under Texas law, on remand, the plaintiff is required only to file a certified copy of the remand order with the clerk of the state court and give written notice of the filing to the attorneys of record for all adverse parties. Tex. R. Civ. P. 237a. All adverse parties are then given fifteen days to file an answer. *Id.* Texas law provides that no default judgment may be rendered against a party in an action remanded from federal court if that party filed an answer in federal court during removal. *Id. See* McDonald & Carlson Tex. Civ. Prac. § 3:152 (2d ed.). After remand, the federal court loses jurisdiction. *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 228 (Tex. 1999). The state trial court then determines what effect is given to proceedings in the federal court prior to remand. *Atl. Richfield Co. v. Long Trusts*, 860 S.W.2d 439, 449 (Tex. App.—Texarkana 1993) writ denied) (citing *Ayres*, 112 U.S. at 190-91). Of course, here, the trial court never made that determination because

---

[8] Missouri: *Williams v. St. Joe Minerals Corp.*, 639 S.W.2d 192, 194–95 (Mo. App. 1982); New Hampshire: *State v. Hess Corp.*, 982 A.2d 388, 393 (N.H. 2009).

Appellees allowed the remanded case to be dismissed and instead filed a new lawsuit after the remand.

Again, the Appellees did not seek to have the trial court in the second state court suit take judicial notice of any pleadings filed in the federal court, and they do not explain what, if any, order exists to which the trial court should "give effect." In fact, the City asked the trial judge to give effect to the order entered in the *Freeman* case enjoining the City from discontinuing same-sex spousal benefits and the court refused to do so. (CR 134).

The only record the trial court considered in making its rulings is the clerk's record and reporter's record filed in this Court. The Appellees' attempt to create a new appellate record before this Court should be denied.

Respectfully submitted,

DONNA L. EDMUNDSON
City Attorney
JUDITH L. RAMSEY
Chief, General Litigation Section

By:  /s/  *Kathleen Hopkins Alsina*
Judith L. Ramsey
Senior Assistant City Attorney
State Bar No.: 16519550
Kathleen Hopkins Alsina
Senior Assistant City Attorney
State Bar No.: 09977050
City of Houston Legal
 Department
900 Bagby, 4th Floor
Houston, Texas 77002

12

832.393.6459 – Telephone
832.393.6259 – Facsimile
kate.alsina@houstontx.gov
judith.ramsey@houstontx.gov

*Attorneys for Appellants*
*Mayor Annise Parker and*
*City of Houston*

## Certificate of Service

I hereby certify that on this 10th day of March, 2015, a true and correct copy of the foregoing has been served on counsel below via e-service:

Jared R. Woodfill
Robert Talton
WOODFILL LAW FIRM, PC
River Oaks Green
3131 Eastside Street, Suite 450
Houston, Texas 77098
jwoodfill@woodfilllaw.com
rtalton@woodfilllaw.com

Leif A. Olson
THE OLSON FIRM, PLLC
4830 Wilson Road, Suite 300
Humble, Texas 77396
leif@olsonappeals.com

*Attorneys for Appellees*

Jonathan M. Saenz
Texas Values
900 Congress Avenue, Suite 220
Austin, Texas 78701
jsaenz@txvalues.org

   */s/ Kathleen Hopkins Alsina*
Kathleen Hopkins Alsina