# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00481-CV

---

**L. C. and S. B.-N., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 302,716-B, THE HONORABLE ALAN MAYFIELD, JUDGE PRESIDING

---

## C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

I agree with the majority that the evidence is not legally insufficient to support the judgment terminating L.C.'s parental rights. However, because I disagree that the district court abused its discretion by denying S.B.-N.'s motion for a jury trial, I respectfully dissent.

We review the denial of a jury demand for an abuse of discretion. *In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). A trial court abuses its discretion if it acts "without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020). There is no abuse of discretion "as long as some evidence of a substantive and probative character exists to support the trial court's decision." *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied).

I agree with the majority that S.B.-N. perfected her right to a jury trial—the record demonstrates that she timely filed her request and that her indigence was uncontested.

*See* Tex. R. Civ. P. 216 (requiring litigants to timely file jury demand and pay jury fee or prove indigency). I first part ways with the majority in its analysis of waiver. "Waiver is the 'intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *LaLonde v. Gosnell*, 593 S.W.3d 212, 218–19 (Tex. 2019) (quoting *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014)). "Silence or inaction, for so long a period as to show an intention to yield the known right, is also enough to prove waiver." *Id.* at 220 n.23 (citing *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996)). The majority rejects the Department's argument that S.B.-N. waived her right by remaining silent at several hearings setting the case for a bench trial. In reaching that conclusion, the majority casts doubt on whether it is possible to waive a perfected jury right through inaction. Specifically, the majority reasons that once S.B.-N. perfected her right to a jury trial, "she was entitled to proceed as if the clerk's office had properly placed the cause on the jury docket; she was not required to take further action to ensure that right." *Ante* at ___. The right to a jury trial is a precious constitutional right, but "parties may waive statutory and even constitutional rights." *See LaLonde*, 593 S.W.3d at 220 n.23. I would not hold or imply that a litigant who perfects her right to a jury trial may remain silent if the court proceeds with a bench trial and maintain that right.

I now turn to the merits of the district court's ruling. A timely jury request is "presumptively reasonable and ordinarily must be granted absent evidence that granting the request would '(1) injure the adverse party, (2) disrupt the court's docket, or (3) impede the ordinary handling of the court's business.'" *In re A.L.M.-F.*, 593 S.W.3d at 283 (quoting *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam)). Viewing the record under this standard, I cannot say that the district court abused its discretion.

2

First, the record reflects that granting S.B.-N.'s request would have significantly delayed the trial. The district court denied S.B.-N.'s motion on the day set for trial, January 14, 2020. Later that day, the district court adjourned the bench trial to February 10, 2020, because the Department's caseworker and the children's guardian ad litem were unavailable. For reasons that are unclear from the record, the trial did not resume until August. I presume that the district court took judicial notice of its docket when resetting the case and that it did not have any earlier availability. *See In re Williams*, 378 S.W.3d 503, 506 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) ("[W]e presume that the trial court took judicial notice of its own docket, even without any request being made and without any announcement by the trial court that it was taking such judicial notice."). It is reasonable to infer that a jury trial could begin no earlier than February 10, 2020. This would leave little time for the trial because the mandatory dismissal date was February 17, 2020. *See* Tex. Fam. Code § 263.401(a), (c) (requiring Department to prosecute suit affecting parent-child relationship within twelve-month period and allowing one 180-day extension).[1]

Second, there is evidence that granting the jury request would have prejudiced the Department. The Department's counsel indicated at the hearing that they planned to try the case to the bench and that they did not have "a lot of time" to conduct a jury trial before the automatic dismissal. The Department's plans were reasonable—there is no scheduling order in the record setting the case for a jury trial. Moreover, delaying the trial put the Department under time constraints that essentially left it no room for any delays in scheduling the trial. This is sufficient harm to the interests of an adverse party to support the district court's ruling. *See In re A.L.M.-F.*, 593 S.W.3d at 283.

---

[1] I note the district court had already granted a 180-day extension on L.C.'s motion.

Third, the record also reflects that delaying the trial would not be in the children's best interest. *See S.B. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-20-00373-CV, 2020 WL 7414728, at *2 (Tex. App.—Austin Dec. 18, 2020, no pet.) (mem. op.) (considering whether delay associated with request for jury trial would harm children's best interest). The majority argues that there was no concrete evidence that delaying the trial would harm the children. Although there was no argument to that effect at the hearing, we can infer the risk from the record. And, in an abuse-of-discretion review, we must resolve inferences in favor of the trial court's ruling. *See Abuzaid v. EFYU JO, L.L.C.*, No. 05-17-00976-CV, 2018 WL 2749640, at *3 (Tex. App.—Dallas May 31, 2018, no pet.) (mem. op.) ("When reviewing the trial court's order in a proceeding reviewed for an abuse of discretion, the appellate court indulges all reasonable inferences in favor of the trial court's ruling." (citing *INEOS Grp. Ltd. v. Chevron Phillips Chem. Co.*, 312 S.W.3d 843, 848 (Tex. App.—Houston [1st Dist.] 2009, no pet.))). The Department's involvement with L.C.'s son, Kevin, dates to 2014, and the allegations against her are serious. The Department could refile the case after dismissal, but it could not retain custody of the child "without alleging new facts to support the termination." *See In re K.Y.*, 273 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Under these circumstances, the district court could reasonably consider Kevin's interest in having the Department's claim promptly adjudicated rather than subject him to more uncertainty while the Department attempted to conduct a jury trial in the brief time before the dismissal deadline. *See In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003) (discussing child's "interest in a final decision on termination so that adoption to a stable home or return to the parents is not unduly prolonged").

In sum, the record includes evidence that granting S.B.-N.'s jury request would delay the trial, disrupt the district court's docket, and would not serve the best interest of at least

4

one of the children. "The right to jury trial is one of our most precious rights," *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997), and should not be denied lightly. However, I cannot conclude on this record the district court failed to abide by guiding rules and principles in denying S.B.-N.'s jury request. Because there was no abuse of discretion, I respectfully dissent.

 

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Filed: March 26, 2021